599 So.2d 1043 (1992)
STATE of Florida, Appellant,
v.
Tony Perez HOWARD, Appellee.
No. 91-01449.
District Court of Appeal of Florida, Second District.
May 27, 1992.
*1044 Robert A. Butterworth, Atty. Gen., Tallahassee, and Davis G. Anderson, Jr., Asst. Atty. Gen., Tampa, for appellant.
James Marion Moorman, Public Defender, and Cynthia J. Dodge, Asst. Public Defender, Bartow, for appellee.
FRANK, Judge.
The state has appealed from an order discharging Tony Perez Howard. The trial court determined that his right to speedy trial was violated. We reverse because automatic discharge was not the appropriate remedy in this case.
Howard was arrested on January 31, 1990 and was charged by information on March 2, 1990 with grand theft and driving with a suspended or revoked license. In September of that year he filed a pro se motion to dismiss, which really sought discharge on speedy trial grounds. Because the motion was improperly styled, however, the clerk's office did not flag it for immediate disposition and it was not heard until November 13, 1990. On that date Judge Elmer O. Friday held a hearing and denied the motion for discharge on the ground that Howard had requested continuances and thus delays attributable to him under Florida Rule of Criminal Procedure 3.191(d)(3) rendered him not continuously available for trial under Rule 3.191(e). Nevertheless, having found there had been no speedy trial violation, Judge Friday ordered Howard to be tried within fifteen days, presumably invoking the provisions of Rule 3.191(i)(3). That rule, however, applies only to the situation in which no excuse under rule 3.191(d)(3) exists.
Regardless of what Judge Friday might have been thinking when he ordered Howard to be tried within fifteen days, Howard was not tried within that period, nor was he tried within ninety days. In fact, his case was called for trial on February 13, 1991, the ninety-second day from the date of Judge Friday's order. After a continuance Howard, through his attorney, moved for discharge on April 3, 1991. At a hearing on April 13, 1991, Judge Darryl Casanueva granted Howard's motion and discharged him.
Our assessment of this matter reveals that both judges afforded Howard the wrong remedy under the speedy trial rule. Judge Friday should have ordered him brought to trial within ninety days under Rule 3.191(d)(3):
If the court finds that discharge is not appropriate for reasons under (d)(3)(ii), (iii), or (iv), the pending motion for discharge shall be denied provided however, trial shall be scheduled and commenced within 90 days of a written or recorded order of denial.
As we have noted, however, a speedy trial violation did subsequently occur because Howard's trial did not begin until the ninety-second day. Judge Casanueva, then, faced with a motion for discharge, should have followed the procedure outlined in Florida Rule of Criminal Procedure 3.191(i)(3):
(3) No later than 5 days from the date of the filing of a motion for discharge, the court shall hold a hearing on the motion, and unless the court finds that one of the reasons set forth in section (d)(3) exists, shall order the defendant be brought to trial within 10 days. If the defendant is not brought to trial within the 10 day period through no fault of the defendant, the defendant shall be forever discharged from the crime.
*1045 Once Judge Casanueva determined that Howard's speedy trial rights had been violated, he was required to order him brought to trial within fifteen days from the filing of his motion but not to order his immediate discharge. By discharging Howard, Judge Casanueva closed the "window of recapture" that is intended to operate for the benefit of the state. See Baxter v. Downey, 581 So.2d 596 (Fla. 2d DCA 1991). "[T]he underlying purpose of the 1985 amendments ... was to eliminate the kind of automatic speedy trial dismissal which occurred below." State v. Veliz, 524 So.2d 1157 (Fla. 3d DCA 1988).
Accordingly, we reverse the order of discharge and remand this matter for further proceedings.
RYDER, A.C.J., and PATTERSON, J., concur.