PER CURIAM.
Appellee was arrested for attempted kidnapping, false imprisonment and burglary on September 4, 1993. On February 28, 1994, appellee filed a Notice of Expiration of Speedy Trial Rule. At the hearing on the notice, the state indicated it was prepared to go to trial within ten days. However, the trial judge held that appellee had not been brought to trial within 175 days of the date of the arrest and discharged appellee.
As the state argues, and appellee concedes, under the present speedy trial rule, if there is no evidence of a waiver of speedy trial, the trial must be set within ten days from the hearing on the notice. See Rule 3.191(p)(3), Florida Rules of Criminal Procedure. Appel-lee would have been entitled to absolute discharge only if the state had been unable to bring him to trial within that “window of recapture” time. State v. Howard, 599 So.2d 1043 (Fla. 2d DCA 1992).
Accordingly, the order of discharge is reversed and the cause remanded for further proceedings.
Reversed.
PARKER, A.C.J., and LAZZARA and QUINCE, JJ., concur.