LaROSE, Judge.
The State appeals the trial court’s order discharging George Alphonse Hall due to a violation of the speedy, trial rule. The State asserts that it should have been afforded a ten-day period under Florida Rule of Criminal Procedure 3.191(p)(3) in which to proceed to trial before the trial court discharged Mr. Hall. We agree and reverse.
Mr. Hall was arrested on felony charges in Hillsborough County on June 29, 2003, triggering the running of the speedy trial time. See Fla. R. Crim. P. 3.191(d)(1). An information was filed on July 14, 2003. Mr. Hall, however, had been arrested and *1002 was being held in Pinellas County on unrelated charges. The State knew of Mr. Hall’s whereabouts but, through no fault of his, failed to procure his presence for arraignment in Hillsborough County until January 29, 2004, 215 days after his arrest.
Every person charged with a felony is entitled.to be tried within 175 days of being taken into custody. See Fla. R. Crim. P. 3.191(a). On February 10, 2004, Mr. Hall’s counsel filed a motion to discharge and to dismiss the charges because Mr. Hall was arraigned outside the speedy trial time. The trial court held a timely hearing, granted the motion, and discharged Mr. Hall.[1]
Rule 3.191(p)(3) provides:
No later than 5 days from the date of the filing of a notice of expiration of speedy trial time, the court shall hold a hearing on the notice and, unless the court finds that one of the reasons set forth in subdivision (j) exists, shall order that the defendant be brought to trial within 10 days. A defendant not brought to trial within the 10-day period through no fault of the defendant, on motion of the defendant or the court, shall be forever discharged from the crime.
Mr. Hall was entitled to discharge only if the State failed to bring him to trial within the ten-day “window of recapture.” See State v. Collier, 659 So.2d 1371, 1372 (Fla. 2d DCA 1995); State v. Howard, 599 So.2d 1043, 1045 (Fla. 2d DCA 1992) (holding immediate discharge improper without affording “window of recapture” to State).
In granting Mr. Hall’s motion, the trial court relied principally on State v. Gantt, 688 So.2d 1012 (Fla. 3d DCA 1997). There, the State’s failure to notice a defendant in prison and to have him arraigned precluded it from invoking the “window of recapture” under rule 3.191(p)(3). Gantt and other cases relied on by Mr. Hall involved situations where the State had filed a “no action” or a nolle prosequi and refiled charges based on the same conduct after the speedy trial time had expired on the original charges. These are not the facts presented by Mr. Hall.
State v. Naveira, 873 So.2d 300 (Fla.2004), which was not available to the trial court, recognizes that rule 3.191(p)(3) provides procedural protection to a defendant that does not, except for due process concerns, reach constitutional dimension. Id. at 308; see also State v. Bivona, 496 So.2d 130, 133 (Fla.1986).
[A] defendant’s speedy trial rights are not violated if his case is set for trial within the time required by the rule. At that time, if defendant is not ready for trial, while due process rights may be implicated if the scheduled trial date is one on which defendant could not reasonably be expected to be prepared, defendant’s speedy trial rights under the rule have been observed. A defendant who is compelled to go to trial unprepared may raise his due process rights in the trial court and on appeal, where each case will be determined on its own facts.
Naveira, 873 So.2d at 309 (citing State v. Fraser, 426 So.2d 46, 48-49 (Fla. 5th DCA 1983)); see also State v. Gilliam, 884 So.2d 128 (Fla. 2d DCA 2004) (reversing order of discharge because appropriate remedy was to afford procedural right to immediate trial within window of recapture).
*1003 Accordingly, we reverse the order granting discharge and dismissal and remand this matter for farther proceedings.
ALTENBERND, C.J., and WHATLEY, J., Concur.

. Mr. Hall’s counsel did not file a notice of expiration of the speedy trial time. The State's argument that reversal is therefore required on this basis is meritless. The notice required by rule 3.191(p)(3) alerts the trial court's attention to the need for a prompt hearing. See Clark v. State, 698 So.2d 1274, 1275 (Fla. 3d DCA 1997). Here, the trial court held a hearing within five days of the filing of the motion.