932 So.2d 373 (2006)
STATE of Florida, Appellant,
v.
Kenneth McCULLERS, Appellee.
No. 2D04-753.
District Court of Appeal of Florida, Second District.
March 31, 2006.
Charles J. Crist, Jr., Attorney General, Tallahassee, and Tiffany Gatesh Fearing, Assistant Attorney General, Tampa, for Appellant.
James Marion Moorman, Public Defender, and Lisa Lott, Assistant Public Defender, Bartow, for Appellee.
CANADY, Judge.
In this case involving the application of Florida's speedy trial rule, the State appeals the trial court's dismissal of a felony battery charge against Kenneth McCullers. The dismissal was based on the trial court's determination that the State had failed to comply with speedy trial requirements. The State argues that although McCullers was arraigned after expiration of the speedy trial period, the charge against him should not have been dismissed without affording the State an opportunity to bring him to trial during the recapture period provided for in the speedy trial rule. Because we conclude that the trial court erred in failing to afford the State the benefit of the ten-day recapture period, we reverse.

Background
McCullers was arrested for the battery offense on April 17, 2003. At the time of his arrest, McCullers was a juvenile; accordingly, he was placed in juvenile detention. After spending twenty-one days in detention, he was released on May 7, 2003. His release was followed by the filing on *374 May 13, 2003, of an information charging him as an adult with the battery offense. McCullers was arrested again for the offense on December 31, 2003, and arraigned on January 26, 2004. A jury trial was then set for February 11, 2004, but on February 5, 2004, McCullers filed his motion to dismiss based on the State's failure to comply with speedy trial requirements. The trial court conducted a hearing on the motion on February 6, 2004.
At the hearing, McCullers contended that he was entitled to be discharged because he had not been arraigned until after the 175-day speedy trial period had expired. McCullers testified concerning the circumstances that followed his first arrest when a juvenile hearing was conducted:
I spent 21 days in detention, went to court. The judge said nothing was filed; there was no case and I was under the impression when I was released that that was it.... It was like five seconds in front of the judge. He said there was nothing filed, that state hadn't filed anything yet and there wasn't a case, and they released me after 21 days.
The trial court determined that the 175-day speedy trial periodmeasured from the time of McCullers' initial arresthad expired on October 9, 2003, prior to McCullers' rearrest and arraignment. In ruling that McCullers was entitled to be discharged, the trial court relied on two factual circumstances: (1) "That there's no indication that [McCullers] knew or should have known that he was wanted or that he was in any way evading arrest"; and (2) that "there's nothing in the record to indicate that the state conducted a search, let alone a diligent search to locate [McCullers]."
The trial court ruled that under these circumstances, the State was not entitled to the recapture period provided for in the speedy trial rule. In reaching this conclusion, the trial court relied in particular on Cordero v. State, 686 So.2d 737 (Fla. 3d DCA 1997). The trial court also cited State v. Agee, 622 So.2d 473 (Fla.1993).

Analysis
Under Florida Rule of Criminal Procedure 3.191(a), a person charged with a felony generally must be brought to trial without demand within 175 days of when the person is "taken into custody." Rule 3.191(d) provides that a person is taken into custody "when the person is arrested" or "when the person is served with a notice to appear in lieu of physical arrest." If a "trial is not commenced" within the time required, rule 3.191(a) provides that the defendant is "entitled to the appropriate remedy as set forth in subdivision (p)." Under rule 3.191(p)(2), a defendant may file a "`Notice of Expiration of Speedy Trial Time,'" which triggers a requirement set forth in rule 3.191(p)(3) that the court hold a hearing on the notice within five days. Unless the court finds that one of the reasons enumerated in subdivision (i) exists to support a determination that the speedy trial period has not expired, rule 3.191(p)(3) provides that the court must "order that the defendant be brought to trial within 10 days." Rule 3.191(p)(3) further provides: "A defendant not brought to trial within the 10-day period through no fault of the defendant, on motion of the defendant or the court, shall be forever discharged from the crime." This 10-day period is frequently referred to as the "window of recapture," see, e.g., State v. Hall, 903 So.2d 1001, 1002 (Fla. 2d DCA 2005); Ricci v. Parker, 518 So.2d 284, 286 (Fla. 2d DCA 1987), or "recapture period," see, e.g., State v. Naveira, 873 So.2d 300, 309 (Fla.2004); Brown v. State, 715 So.2d 241, 243 (Fla.1998).
Rule 3.191(o) addresses the effect of a nolle prosequi on the operation of the speedy trial requirements:

*375 The intent and effect of this rule shall not be avoided by the state by entering a nolle prosequi to a crime charged and by prosecuting a new crime grounded on the same conduct or criminal episode or otherwise by prosecuting new and different charges based on the same conduct or criminal episode, whether or not the pending charge is suspended, continued, or is the subject of entry of a nolle prosequi.
In Agee, 622 So.2d at 475, the court observed that allowing
the State to unilaterally toll the running of the speedy trial period by entering a nol pros would eviscerate the rulea prosecutor with a weak case could simply enter a nol pros while continuing to develop the case and then refile charges based on the same criminal episode months or even years later, thus effectively denying an accused the right to a speedy trial while the State strengthens its case.
The court went on to "hold that when the State enters a nol pros, the speedy trial period continues to run and the State may not refile charges based on the same conduct after the period has expired." Id. The court concluded that the window of recapture does not apply in such cases. See id. at 476.
In Genden v. Fuller, 648 So.2d 1183, 1183 (Fla.1994), the court considered whether the rule articulated in Agee extended to a case where prosecution was terminated by the State "announcing that it would bring `no action'" rather than by a nolle prosse. The court held that the speedy trial period "continues to run when the State voluntarily terminates prosecution before formal charges are filed and the State may not file charges based on the same conduct after the speedy trial period has expired." Id. at 1185. The Genden court concluded that the circumstances before it could not be distinguished from the circumstances present in Agee: "[W]hether the State voluntarily terminates a prosecution before an information is filed ... rather than after the defendant has been formally charged, as was done in Agee, `is a distinction without a legally cognizable difference.'" Id. (quoting Fuller v. Genden, 630 So.2d 1150, 1150 (Fla. 3d DCA 1993)).
The principle applied in Agee and Genden was extended by the decision in State v. Williams, 791 So.2d 1088 (Fla.2001), to circumstances where the State simply failed to file charges during the speedy trial period. The court held that the speedy trial time "continues to run even if the State does not act until after the expiration of that speedy trial period" and that "[t]he State may not file charges based on the same conduct after the speedy trial period has expired." Id. at 1091. As in Genden and Agee, the Williams court held that "the State was not entitled to a recapture period under rule 3.191." Id.
In Agee, Genden, and Williams, the failure of the State to file charges prior to the expiration of the speedy trial period made it impossible for the defendant to file a notice of expiration pursuant to rule 3.191(p)(2), upon the expiration of the period. The State's right to recapture must be understood as linked to the defendant's ability to exercise the right to file a notice of expiration when the 175-day period has run. Since the State's failure to file charges within the speedy trial period defeated the defendant's right in Agee, Genden, and Williams, the State was not given the benefit of the recapture period.
A defendant's right to file a notice of expiration is similarly defeated even where charges are filed before expiration of the speedy trial period if the State has previously acted affirmatively to terminate its prosecutorial efforts but then has filed *376 charges without rearresting or otherwise giving notice to the defendant before expiration of the period. In such circumstances, the conduct of the State effectively lulls the defendant into the belief that the exercise of the right to file a notice of expiration is unnecessary.
In Cordero, 686 So.2d at 737-38, the court addressed circumstances in which the State had "no actioned" a case after the defendant was first arrested, then filed an information before expiration of the speedy trial period but did not rearrest the defendant until after expiration of the period. The court held that the State was not entitled to the benefit of the recapture period because providing the benefit of the window of recapture "would promote the same evils the [s]upreme [c]ourt warned against in Genden and Agee." Id. at 738. The court explained the significance of accepting the State's argument that the recapture period should be available:
An individual could be arrested and the state, for whatever reason, may "no action" the case. The state could soon thereafter file charges within the speedy trial period and then, do nothing. The defendant, if he is not rearrested or notified in some manner, has no idea charges have been filed (or refiled in the case of a nolle prosequi) against him. Then, long after the speedy trial time has expired, the state can arrest the defendant and, if he files a motion for discharge, the state still has fifteen days to bring him to trial.
Id. The court concluded that "[s]uch a result is clearly disapproved of by Genden and Agee." Id. See also State v. Gantt, 688 So.2d 1012, 1013 (Fla. 3d DCA 1997); State v. Morris, 662 So.2d 378 (Fla. 4th DCA 1995).
In the instant case, as in Cordero, charges were filed prior to expiration of the speedy trial period. But here, in contrast to Cordero, the State never took any action to terminate its prosecutorial efforts. McCullers was simply released from custody because his further detention as a juvenile was not permissible. See § 985.215(5)(c), Fla. Stat. (2002). The State thus had done nothing to lull McCullers into the belief that it was unnecessary for him to exercise his right to file a notice of expiration. McCullers remained on notice that he was potentially subject to prosecution by the State. Once the State filed charges within the speedy trial period, nothing prevented McCullers from exercising his right to file a notice of expiration when the 175-day period had run. Since the State did nothing to defeat McCullers' right to file a notice of expiration, the State should not be deprived of the benefit of the recapture period. The trial court erred in concluding that the recapture period was not available and in dismissing the charge and discharging McCullers.

Conclusion
Accordingly, we reverse the trial court's order dismissing the felony battery charge against McCullers and remand the case for further proceedings.
Reversed and remanded.
FULMER, C.J., and SALCINES, J., Concur.