969 So.2d 1197 (2007)
Raphael PUZIO, Petitioner,
v.
STATE of Florida, Respondent.
No. 1D06-0896.
District Court of Appeal of Florida, First District.
December 12, 2007.
*1198 Nancy Daniels, Public Defender, and M.J. Lord, Assistant Public Defender, Office of the Public Defender, Tallahassee, for Petitioner.
Bill McCollum, Attorney General, and Bryan Jordan, Assistant Attorney General, Office of the Attorney General, Tallahassee, for Respondent.
PER CURIAM.
This case comes to us on petition for writ of certiorari from an order of the circuit court acting in its appellate capacity. The circuit court's order affirmed an order of the county court in the criminal case against the petitioner and defendant below, Raphael Puzio. In its order, the county court denied the defendant's motion to dismiss, which was based on speedy trial grounds. We conclude that the circuit court departed from the essential requirements of law in affirming the county court's ruling and therefore we grant the petition.
On June 22, 2003, the defendant was arrested for misdemeanor retail theft of a coffee grinder at Lowe's home improvement store in Gainesville. The arresting officer issued the defendant a notice to appear, in lieu of arresting and booking him. The notice to appear instructed the defendant to appear in court at 9:00 a.m. on July 9, 2003, for arraignment. Over the next three months, a series of miscommunications between the clerk's office, the State Attorney's office and the defendant's attorney ensued.
Four days after the defendant's arrest, on June 26, 2003, the defendant's attorney filed a "Notice of Appearance, Waiver of Arraignment, Written Plea of Not Guilty, and Demand for Jury Trial" in the county court. However, the clerk of the court apparently did not put the notice to appear or the written plea on the court docket. The defendant's attorney contacted the county clerk's office by telephone and confirmed that the clerk's office had received the document he had filed. However, the clerk with whom he spoke indicated that no charges had yet been filed and that the case was not set on the July 9th arraignment docket. On July 1, 2003, the defendant's attorney received correspondence from the clerk's office also indicating that no charges had yet been filed. Relying on this information, the defendant did not appear in court on July 9th and was not arraigned at that time.
On July 16, 2003, the clerk of court returned the Notice of Appearance, Waiver of Arraignment, Written Plea of Not Guilty, and Demand for Jury Trial to the defendant's attorney by mail. Accompanying the document was a letter from the Criminal Intake Supervisor, R. Scott DuPree of the Clerk of the Circuit Court's office, advising that the document "is being returned back to you, as no new cases have been filed with the clerk's office as of July 16, 2003." Notwithstanding this correspondence from the clerk's office, the notice to appear was filed with the clerk of the court on that same date, July 16, 2003. However, it was listed on the docket as a sworn complaint.
The defendant's attorney repeatedly telephoned the clerk's office after July 16th, attempting to obtain information on the status of his case. The clerk's office advised that a sworn complaint had been filed but that the defendant was not permitted to have a copy of the sworn complaint until the information was filed. The defendant's attorney continued calling the clerk's office in the following weeks, to *1199 determine whether the information or other formal charges had been filed yet. On September 22, 2003, the defendant's attorney called the clerk's office and learned that no information or formal charges had been filed and no court date had been set. He then advised the defendant that the case had been dropped, because no charges had been filed.
Three days later, on September 25, 2003, the State filed an information charging the defendant with one count of petit theft arising from his June 22, 2003, arrest at Lowe's. However, the defendant was not rearrested, nor did the clerk's office notify the defendant's attorney that the information had been filed.
Seven months later, on April 24, 2004, the defendant was notified of new felony drug charges, as well as a new petit theft charge. The defendant believed that the new petit theft charge concerned a stolen New Mexico road sign police had found at the site where he was growing the marijuana plants that were the basis of the drug charges. He then turned himself in two days later, posted bond and was released on his own recognizance.
On May 4, 2004, his attorney again filed a Notice of Appearance, Waiver of Arraignment, Written Plea of Not Guilty, and Demand for Jury Trial. At a subsequent hearing on June 15, 2004, the defendant requested and received a continuance. He also signed and filed a written waiver of speedy trial that same day. At this point, he and his attorney had yet to receive a copy of the information on the new charges. However, both believed that he was facing only new charges for the marijuana and the stolen sign, because the window for bringing a theft charge for the Lowe's arrest had expired on September 22, 2003.
When the defendant's attorney finally received a copy of the information on the new charges on August 10, 2004, he discovered that the petit theft now being charged was actually for the Lowe's arrest in June of 2003. The defendant then filed a motion to dismiss on speedy trial grounds, arguing that he was entitled to a discharge, because the State had failed to file formal charges on the Lowe's arrest within the 90-day speedy trial window for misdemeanors.
At the hearing on the motion to dismiss, the State asserted that, by virtue of a clerical error, the clerk's office and the State Attorney's office had mistakenly treated the notice to appear issued at the time of the Lowe's arrest as a sworn complaint. Nonetheless, the State contended that the notice to appear was the formal charging instrument on the Lowe's arrest and that it had been timely filed. Because the notice to appear had been filed on July 16, 2003, and because that date fell within the 90-day speedy trial window, the State maintained that the defendant had been timely charged for the Lowe's theft.
The defendant testified at the hearing that, when he signed the waiver of speedy trial on June 15, 2004, he and his attorney were under the impression that he was facing only new charges. He explained that they both believed that the State had decided not to file charges on the Lowe's arrest, because the time to do so had expired back in September of 2003. He testified that they did not realize that the pending theft charge was for the Lowe's arrest, not the street sign, until he and his attorney received a copy of the information on August 10, 2004.
Randal Dupree, the criminal intake division supervisor with the clerk of court, testified that a sworn complaint was entered on the docket on July 16, 2003. He confirmed having sent a letter to the defendant's attorney on that date, returning *1200 the pleading the attorney had filed. Dupree explained that such pleadings were routinely returned, along with a letter stating that no charges had been filed, in cases where a sworn complaint was filed. He further confirmed that there was no indication that the defendant's attorney had ever been informed that an information had been filed on September 25, 2003. However, he went on to testify that, as a matter of procedure, the clerk's office does not provide a copy of the information to counsel and that, in this case, a summons and arrest warrant was ordered. According to Dupree, the defendant's attorney was no longer listed as counsel of record in the clerk's office when the information was filed, because the pleading the attorney had attempted to file had been returned before the case was opened. Therefore, when the case was processed as a sworn complaint, the clerk's office treated it as a pro se case.
On cross-examination by the State, Dupree testified that the docket entry of the notice to appear as a sworn complaint appeared to have been a mistake. On redirect, he confirmed that the docketing mistake was a clerical error. He testified that, until the information was filed on September 25, 2004, anyone who inquired of the clerk's office about the case would have been told, based on the computer record, that a sworn complaint had been filed.
The State argued that the notice to appear was the charging document, that it had been timely filed within the 90-day speedy trial period, that the defendant had not filed a notice of expiration of speedy trial, and that the State was therefore entitled to the 15-day recapture period under rule 3.191, Florida Rules of Criminal Procedure. The judge ruled from the bench that the notice to appear was a proper charging document and that it had been filed with the clerk on July 16, 2003. Therefore, the court ruled, the defendant was required to file a notice of expiration of speedy trial and afford the State the benefit of the recapture period.
Following the court's oral ruling, the defendant entered a plea of nolo contendere to the petit theft charge, reserving his right to appeal the denial of his motion to dismiss. He subsequently appealed to the circuit court, challenging the county court's ruling on his motion to dismiss, and the circuit court issued a per curiam affirmance without written opinion.
Under Florida's speedy trial rule, the State was required to bring the defendant to trial on the charges stemming from the Lowe's arrest within 90 days. See Fla. R.Crim. P. 3.191(a)(1). The speedy trial period began to run when the defendant was served with the notice to appear. See Fla. R.Crim. P. 3.191(d). In the usual case, if the State fails to try the defendant within 90 days, the rule requires the defendant to file a notice of expiration of speedy trial within five days, which then gives the State ten more days to bring the defendant to trial. See Fla. R.Crim. P. 3.191(i)(2)-(3). Here, however, the State forfeited the right to this recapture period, as well as the right to refile charges based on the Lowe's arrest.
Under the circumstances of the instant case, the defendant did not have the ability to assert his right to a speedy trial. This was due at least in part to the actions of the State. In such circumstances, the courts have held that the State forfeits the right to the recapture period.
A substantial body of case law has developed in Florida establishing the general principle that, when the State's actions have deprived the defendant of the ability to assert his right to a speedy trial, *1201 it would thwart the purpose of the rule[1] to allow the State to pursue charges by means of the recapture period. The rule itself expressly warns that the State may not circumvent the intent of the rule by appearing to drop the charges against a defendant, only to refile them later. See Fla. R.Crim. P. 3.191(h)(2). Thus, the State may not unilaterally toll the running of the speedy trial period by entering a nolle prosequi, see State v. Agee, 622 So.2d 473 (Fla.1993); by voluntarily dismissing pending charges before an information or indictment has been filed, see Genden v. Fuller, 648 So.2d 1183 (Fla.1994); or by arresting the defendant and then simply doing nothing until after the speedy trial period has run. State v. Williams, 791 So.2d 1088 (Fla.2001).
In each of these situations, the State's actions prevent the defendant from effectively pursuing his right to a speedy trial. Allowing the State to proceed to trial pursuant to the recapture period, after its own actions had led to the lapse of the speedy trial period, would eviscerate the rule. The central concern is to prevent the State from avoiding the rule by waiting to formally charge an accused, appearing to abandon the case, and then resurrecting the charges later, based on the same conduct. Such a result is "contrary to the spirit of the speedy trial rule." Genden, 648 So.2d at 1185 (quoting Agee, 622 So.2d at 475). Therefore, in these types of circumstances, the State may not file charges based on the same conduct after the speedy trial period has expired. See Genden at 1185. Rather, it loses the right to the recapture period, and the defendant is entitled to immediate discharge. See id. at 1184; see also Lewis v. State, 357 So.2d 725 (Fla.1978).
The circuit court departed from the essential requirements of the law in failing to recognize that the present case falls within this category of cases. Although actions by both the State and the clerk's office combined in this case, the facts nonetheless conspired to make the defendant unable to file a notice of expiration within five days of the date when the speedy trial time ran. He could not have known that he needed to file a notice of expiration, because the State failed to notify him when it finally did file charges. While neither the State nor the clerk's office may have intended to mislead the defendant or conceal information from him, the fact remains that this is what happened.
Whether by design or by mistake, the defendant was lulled into believing that the charges against him had been dropped. After filing charges at the eleventh hour, the State did no more to pursue the case against the defendant until long after the speedy trial period had passed. In the meantime, through no fault of his own, the defendant was left unaware of the charges as the speedy trial period passed and for months afterward. He could hardly be expected to file a notice of speedy trial within five days under these circumstances. This is exactly what the Agee line of cases warns against.
Even though charges were filed before expiration of the speedy trial period, the State forfeited the right to avail itself of the recapture period under the law by failing to subsequently rearrest the defendant or otherwise notify him of the charges before the speedy trial period expired. "The State's right to recapture must be understood as linked to the defendant's ability to exercise the right to file a *1202 notice of expiration when the [speedy trial] period has run." State v. McCullers, 932 So.2d 373, 375 (Fla. 2d DCA 2006). Despite the actual status of his case, the defendant in this case could only have concluded that the State had apparently decided not to prosecute the case, based on the limited and inaccurate information he had received.
Notifying a defendant that charges have been filed against him is essential, not only to his due process rights, but to his ability to exercise his speedy trial rights. The instant case illustrates this point vividly. In a similar case, the Third District warned of the possible consequences that could result if the notice of expiration and recapture provisions of the rule were rigidly applied in circumstances such as those before us:
An individual could be arrested and the State, for whatever reason, may "no action" the case. The State could soon thereafter file charges within the speedy trial period and then, do nothing. The defendant, if he is not rearrested or notified in some manner, has no idea charges have been filed . . . against him. Then, long after the speedy trial time has expired, the State can arrest the defendant and, if he files a motion for discharge, the State still has fifteen days to bring him to trial. Such a result is clearly disapproved of by Genden and Agee.

Cordero v. State, 686 So.2d 737, 738 (Fla. 3d DCA 1997). This is essentially what happened in the instant case.
We grant the petition, because the circuit court's affirmance of the county court's ruling was a departure from the essential requirements of law. The county court plainly failed to follow the principles established by the Agee line of cases in ruling that the defendant in this case was required to file a notice of expiration of speedy trial, where the State failed to notify him of the Lowe's charges within the speedy trial period. To affirm this ruling was not mere error, but a departure from the essential requirements of the law, not only because the defendant's due process rights were abridged, but also because the facts of the present case clearly bring it within the parameters of the Agee line of cases. The law in this area is clear and well established, and the circuit court should have recognized as much and reversed the county court's ruling. Both the spirit and the intent of the rule would be defeated if the State were allowed to proceed on the charges after the defendant, through no fault of his own, was prevented from asserting his speedy trial rights. The circuit court's affirmance of the county court's ruling was "a violation of a clearly established principle of law resulting in a miscarriage of justice." Combs v. State, 436 So.2d 93 (Fla.1983); see also Haines City Community Dev. v. Heggs, 658 So.2d 523 (Fla.1995); State v. Bock, 659 So.2d 1196 (Fla. 3d DCA 1995).
The petition is granted with directions to discharge the defendant without affording the State the benefit of the recapture period.
PADOVANO and POLSTON, JJ., concur; WOLF, J., concurs in result.
NOTES
[1] As our supreme court has observed, the purpose of the speedy trial rule is "to promote the efficient operation of the court system and to act as a stimulus to prosecutors to bring defendants to trial as soon as practicable, thus minimizing the hardships placed upon the accused persons awaiting trial." Lewis v. State, 357 So.2d 725, 727 (Fla.1978).