979 So.2d 1206 (2008)
Quenten WALDEN, Petitioner,
v.
STATE of Florida, Respondent.
No. 4D08-1400.
District Court of Appeal of Florida, Fourth District.
April 25, 2008.
Sandra E. Mullgrav, Fort Lauderdale, for petitioner.
Bill McCollum, Attorney General, Tallahassee, and Diane F. Medley, Assistant Attorney General, West Palm Beach, for respondent.
PER CURIAM.
Quenten Walden has filed a writ of prohibition seeking to prevent his criminal prosecution set for trial on May 15, 2008. We grant the petition on the authority of State v. Williams, 791 So.2d 1088 (Fla. 2001).
After a July 13, 2006 fight involving rival neighborhoods, Walden was arrested for the attempted murder of Justin Matthews on July 19, 2006. The state filed an information charging Walden with attempted first degree murder on August 8, 2006. Walden waived speedy trial in the Matthews *1207 case and that case is not involved in this proceeding.
On September 6, 2006, while in custody on the Matthews case, Walden was arrested for the murder of Sherrod Smith. The murder occurred during the same July 13 criminal episode. By indictment, Walden was charged with the Smith murder on December 19, 2007.
On February 12, 2008, Walden moved for discharge in the Smith murder case, arguing that the State had violated his right to speedy trial by failing to file charges against him within 175 days of his arrest. The state replied that Walden should have filed a notice of expiration of speedy trial and petitioned the court for a recapture period. See Fla. R.Crim. P. 3.191(p). The state argued that Walden knew that the state intended to file formal charges based on information provided in the Matthews case. The trial court agreed with the state, finding that Walden was required to file a notice of expiration of speedy trial, thus triggering the State's obligation to bring him to trial during the recapture period.
Prohibition lies to review a trial court's denial of a motion for discharge on speedy trial grounds. See, e.g., Lovelace v. State, 906 So.2d 1258 (Fla. 4th DCA 2005), rev. dismissed, 928 So.2d 1176 (Fla.2006).
The waiver of speedy trial in Matthews case has no effect on this case. Even though the two crimes arose from the same fight, distinct acts against different victims constitute separate crimes for the purpose of the speedy trial rule. See Clevenger v. State, 967 So.2d 1039, 1041 (Fla. 5th DCA 2007); State v. Brandt, 460 So.2d 444, 446 (Fla. 5th DCA 1984).
Rule 3.191(a) requires a defendant to be brought to trial within 175 days of his arrest for a felony offense. Here, the state filed formal charges over 290 days after the speedy trial time had expired. The state filed no motion to extend the speedy trial period. See Fla. R.Crim. P. 3.191(i) & (l).
This case is on all fours with Williams. There the state filed an information against a defendant 206 days after his arrest. 791 So.2d at 1089. The defendant moved for discharge for violation of her speedy trial rights. The trial court treated the motion as a notice of expiration of speedy trial and set the case for trial within ten days. Id. The second district granted the defendant's writ of prohibition, quashed the trial court's order, and remanded the case for discharge.
Answering a certified question, the supreme court held that rule 3.191 should not be construed to allow the state to "effectively toll the running of the speedy trial period by allowing it to expire prior to filing of formal charges." Id. The supreme court ruled that where the state did not file criminal charges until after the 175 day speedy trial period had expired, the state was not entitled to the rule 3.191(p) recapture period. Id. at 1091.
Walden is in the same position as the defendant in Williams. The state filed no charges in the Smith case until after the 175 day speedy trial time had expired. Williams requires that the petition for writ of prohibition be granted.
We distinguish State v. McCullers, 932 So.2d 373 (Fla. 2d DCA 2006), the case relied upon by the circuit court. There a defendant was charged during the 175 day speedy trial period but arraigned afterwards. Id. at 376. The second district held that the state was entitled to the 10 day recapture period after the defendant moved for discharge. Id. The second district distinguished Williams as a case where the state's failure to "file charges prior to the expiration of the speedy trial period made it impossible for the defendant to file a notice of expiration pursuant to rule 3.191(p)(2). . . ." Id. at 375. Here, *1208 the state's filing of the information after the expiration of the speedy trial period takes this case out of the rule of McCullers and places it under the ambit of Williams.
We have considered the state's citation to State v. Pfeiffer, 872 So.2d 313 (Fla. 4th DCA 2004), but find it inapplicable, because that case involved a refiling of charges that had been timely filed. We observed that such a case was different than Williams, because the case was in existence at the time speedy trial expired, so it was not a situation where the failure to file charges served to "deprive the defendant of the opportunity to file a notice of expiration of speedy trial and avail himself of the rule's protection." Id. at 316.
We grant the petition for writ of prohibition, quash the trial court's order of March 24, 2008, and remand the case for discharge.
STONE, KLEIN and GROSS, JJ., concur.