PER CURIAM.
 

 Omar Cespedes, the defendant in a criminal prosecution pending below (Defendant), petitions for a writ of prohibition, claiming that the state violated his right to a speedy trial. We grant the petition.
 

 Defendant was serving a sentence in the Department of Corrections (the department) for possession of cocaine in a 2003 Broward County ease when he allegedly escaped from a work release center in Broward County on June 9, 2007. The department issued a fugitive warrant for escaped prisoner, warrant number 0607 M22631, authorizing any sheriff, police officer, or law enforcement officer to take him into custody because of his escape, and to hold him as a fugitive from justice until he could be returned to the state to serve the remainder of his sentence.
 

 
 *303
 
 A “complaint/arrest affidavit” reflects that, on August 29, 2007, Defendant was arrested in Miami-Dade County for “escape/poss. of cocaine,” as a fugitive on warrant number “M22631”. On the same date, he was booked by the Miami-Dade County Corrections and Rehabilitation Department on that warrant as a fugitive from DOC for “ESCAPE/COC POSS.” He was returned to the Department’s custody on September 5, 2007, remaining there until August 22, 2008, which appears to have been his release date for the 2003 cocaine possession case. On August 26, 2008, a capias was served on him in the instant Broward County circuit court case no. 08-14400, and he was charged with one count of escape, with the information having been filed on July 29, 2008, and a detainer lodged against him on August 5, 2008. According to the State’s Motion to Strike, this charge was for the offense of escape, committed on June 9, 2007.
 

 Defendant filed a notice of expiration of speedy trial and a motion for discharge pursuant to Florida Rule of Criminal Procedure 3.191, arguing that the state did not file the information until the 175-day felony speedy trial time period, Florida Rule of Criminal Procedure 3.191(a), had expired. At the hearing, the state argued that the “operative” arrest date was the date when the detainer was lodged against Defendant on August 5, 2008. Defendant presented the Miami-Dade County arrest and booking report as proof of the date of his arrest, and argued that at the time of the 2007 arrest, he was advised he was charged with escape, and, therefore, the speedy trial period for the escape charge ran from that date. The trial court denied the motion and this petition followed.
 

 Prohibition is the appropriate remedy to prevent a trial court from proceeding against an accused after the erroneous denial of a motion for discharge based on a violation of the speedy trial rule.
 
 E.g., Walden v. State,
 
 979 So.2d 1206 (Fla. 4th DCA 2008).
 

 Rule 3.191(a), of the Florida Rules of Criminal Procedure, provides that a person charged with a felony “shall be brought to trial within ... 175 days.” The speedy trial time period commences when the individual is taken into custody pursuant to Florida Rule of Criminal Procedure 3.191(d). Rule 3.191(d)(1) provides that a person is taken into custody “when the person is arrested as a result of the conduct or criminal episode that gave rise to the crime charged.” As this court explained in
 
 Trainer v. Broome,
 
 666 So.2d 1019,1020 (Fla. 4th DCA),
 

 if evidence exists disclosing that an individual was booked into custody for a specific offense, one must presume that the individual was in fact arrested for that offense. Thus, the act of booking or placing a person into custody for an offense clearly implies that an arrest has occurred.
 
 Id.
 
 (citation omitted).
 

 The documentary evidence presented by Defendant at his hearing, which included his booking report, established that, for speedy trial purposes, he was arrested for the Broward County escape on August 29, 2007, which commenced speedy trial time.
 

 As such, because the state did not file an information charging Defendant with the escape until July 29, 2008, more than 175 days after his arrest, he was entitled to be discharged.
 
 State v. Williams,
 
 791 So.2d 1088 (Fla.2001);
 
 Walden v. State,
 
 979 So.2d 1206 (Fla. 4th DCA 2008). The state also has presented no authority that the legislature’s enactment of section 944.405, Florida Statutes (2008), allowing the department to issue a fugitive warrant, has the effect of changing this result when it is the department’s fugitive warrant for
 
 *304
 
 escape that gave the law enforcement officer probable cause to arrest for escape.
 

 Therefore, the petition for writ of prohibition is granted and the trial court is ordered to discharge Defendant.
 

 Petition Granted.
 

 HAZOURI, MAY and DAMOORGIAN, JJ., concur.