PER CURIAM.
Duane Reid, charged below with ten felony drug offenses, petitions this Court for a writ of prohibition to prevent his continued prosecution. For the reasons that follow, we deny the petition on the merits.
Petitioner was initially arrested for eighteen felony charges in October, 2007. (Case No. 07-19338CF10A). On November 20, 2007, the Broward State Attorney’s Office (hereinafter “state”) filed a “no information” decision. As a result, Petitioner was released from the Broward County jail on November 30, 2007.
Subsequently, on March 25, 2008 the state filed an information and re-alleged *278 eight of the previously charged crimes in case no. 07-19338CF10A, as well as two additional charges. This “new” prosecution was assigned Case No. 08-5822CF10A. Arraignment for this new case was set on April 9, 2008. Notice for that court hearing was sent to a Plantation address provided by Petitioner to the Bro-ward County jail upon his release. The address of Petitioner’s arrest, which was listed as his then-residence in the probable cause affidavit in case no. 08-5822CF10A, was in Weston, not Plantation. When Petitioner failed to appear at arraignment, a capias warrant was issued, which was executed on December 23, 2011, out-of-state.
Petitioner’s attorney, who had represented him throughout these two prosecutions, filed a motion for discharge on February 3, 2012, contending that the state’s failure to provide Petitioner with actual notice of the re-filing of criminal charges entitled him to discharge based on Fla. R. Crim. P. 3.191(p)(3) without the necessity of filing a notice of expiration of speedy trial. After denying the state’s motion to strike Petitioner’s motion for discharge as premature, the trial court held three separate hearings in March and November 2012 on the motion. At these hearings, Petitioner and his brother testified that Petitioner was living in Weston, not Plantation, in October 2007 at the time of Petitioner’s arrest. Petitioner denied telling the arresting deputy sheriff that he lived in Plantation. That deputy testified to the contrary, stating that Petitioner indicated he was living in Plantation at an address where Petitioner was listed as “on the utilities.” The same deputy also explained that while he did not look for Petitioner at either the Weston or Plantation addresses listed as potential residences for Petitioner to serve the arrest warrant for the “refiled” case no. 08-5822CF10A, the deputy unsuccessfully searched for Petitioner in multiple locations and cities in Broward County from March to May, 2008.
The trial court denied Petitioner’s motion for discharge finding the state’s effort to notify Petitioner of the arraignment date for the charges in case no. 08-5822CF10A were “sufficient” under State v. Ingraham, 43 So.3d 164 (Fla. 4th DCA 2010), to require Petitioner to file a notice of expiration of speedy trial before being entitled to seek discharge under Rule 3.191. The trial court’s order specifically rejected as not credible Petitioner’s claim that he did not tell any law enforcement officer he lived in Plantation, rather than Weston.
In response, Petitioner’s attorney filed a petition for writ of prohibition with this court arguing that because Petitioner was not brought to trial on or before April 11, 2008 (175 days after his October 17, 2007 arrest), his continued prosecution was beyond the speedy trial period of Rule 3.191(a), entitling him to discharge. Petitioner also argued that his failure to file a notice of expiration of speedy trial before moving for discharge was excused by the failure of the state to provide him with actual notice of the “new” prosecution in case no. 08-5822CF10A. That case was in part based on conduct for which he was initially charged in case no. 07-19338CF10A, but for which the state had misled him to believe that no further prosecution was forthcoming based on the “no information” filed in the latter case. Petitioner contends that cases such as State v. Morris, 662 So.2d 378 (Fla. 4th DCA 1995), Puzio v. State, 969 So.2d 1197 (Fla. 1st DCA 2007), and Cordero v. State, 686 So.2d 737 (Fla. 3d DCA 1997), allow a criminal defendant, who was “lulled” into believing termination of his initial prosecution by a nolle prosse or “no information” decision meant he did not need to seek enforcement of his speedy trial right as to *279 that prosecution, to enforce Rule 3.191 upon re-prosecution.
Prohibition is the appropriate remedy when a criminal defendant has been denied his right to a speedy trial due to wrongful denial of a motion for discharge filed under Rule 3.191, Dempsey v. State, 82 So.3d 928, 929 (Fla. 4th DCA 2011). The standard of review here is de novo as to the trial court’s denial of discharge, but deferential as to factual findings of that court which are supported by competent, substantial evidence, State v. Nelson, 26 So.3d 570, 574 (Fla.2010).
In Petitioner’s case, we find that while Morris, Cordero, and Puzio, all remain valid authority to grant the writ sought where no effort is made to timely notify a criminal defendant of re-instituted charges. Ingraham, applies. Here, the state made some effort to notify the defendant of the continued prosecution. In Ingraham, we held that to balance the right of a criminal defendant to timely assertion of his right to a speedy trial with the state’s right to prosecute a defendant, it was appropriate to consider the sufficiency of the state’s effort to locate and notify the defendant of a “new” or “renewed” prosecution on a “case-by-case” basis. 43 So.3d at 168.
Based on the trial court’s acceptance of state witness testimony that Petitioner informed the arresting deputy and the Broward County jail that his residence was in Plantation, not in Weston, the sending of notice of the arraignment date in case no. 08-5822CF10A to the Plantation address constituted sufficient notice to require him to file a notice of expiration of speedy trial before moving for discharge under Rule 3.191(p)(3), Fla. R. Crim. P. See also Fla. R. Crim. P. 3.030(a) and Fla. R. Jud. Admin. 2.516(b)(2). Further efforts to locate Petitioner by the arresting/investigating deputy, who visited locations in multiple cities in Broward County from March through May, 2008, certainly met the sufficiency requirements of Ingraham.
As a result, we deny the petition for writ of prohibition.

Petition denied.

MAY, C.J., GROSS and CIKLIN, JJ., concur.