NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING
MOTION AND, IF FILED, DETERMINED

IN THE DISTRICT COURT OF APPEAL

OF FLORIDA

SECOND DISTRICT


STATE OF FLORIDA,               )
                                )
            Appellant,          )
                                )
v.                              )          Case No. 2D14-3434
                                )
DORIS DEVARD,                   )
                                )
            Appellee.           )
_____ )

Opinion filed October 7, 2015.

Appeal from the Circuit Court for
Hillsborough County; Samantha L. Ward,
Judge.

Pamela Jo Bondi, Attorney General,
Tallahassee, and Peter Koclanes, Assistant
Attorney General, Tampa, for Appellant.

Howard L. Dimmig, II, Public Defender, and
Richard J. Sanders, Assistant Public
Defender, Bartow, for Appellee.


KHOUZAM, Judge.

            This is the State's appeal of the circuit court's order discharging Doris

Devard and dismissing the charge against her (trafficking in illegal drugs) based on the

expiration of the speedy trial period.  The State raises two arguments, one of which

requires reversal.  Accordingly, we must reverse.

The record shows that on July 25, 2013, law enforcement set up a drug transaction between a confidential informant and Devard's codefendant, Charlotte Tobias. Tobias arrived at the scene in a vehicle driven by Devard. After the transaction was allegedly completed, the two women were taken into custody. Devard was interviewed but later released. The State filed charges against her on November 1, 2013, and a capias was issued on November 4, 2013. But because law enforcement did not have an updated address for Devard, they were unable to locate her for several months and she was not notified of the charges. She was ultimately arrested again on March 10, 2014.

Devard filed a motion for discharge based on statutory as well as constitutional speedy trial. See Amend. VI, U.S. Const.; Fla. R. Crim. P. 3.191. The trial court granted the motion, determining that Devard had been arrested on July 25, 2013, for the purpose of calculating speedy trial and that therefore speedy trial expired on January 16, 2014, pursuant to rule 3.191(a). The court acknowledged that the charges had been filed within the speedy trial period but found that the State's failure to notify Devard of the charges before the expiration of the speedy trial period precluded the State from prosecuting her and entitled her to immediate discharge. And because the State had not shown that it made any effort to timely notify Devard of the charges, the court concluded that the State was not entitled to a recapture period pursuant to rule 3.191(p)(3). The court did not reach the constitutional speedy trial claim.

I.    SPEEDY TRIAL PERIOD

The State first argues that the circuit court erred in discharging Devard because she was merely detained—not arrested—on July 25, 2013, and thus speedy

- 2 -

trial did not begin to run until she was actually arrested on March 10, 2014. But the court's finding that Devard was arrested on July 25, 2013, is supported by competent, substantial evidence.

"A person is taken into custody for purposes of the speedy trial rule when he is arrested as a result of the conduct or criminal episode which gave rise to the crime charged." State v. Christian, 442 So. 2d 988, 989 (Fla. 2d DCA 1983). "A formal arrest, complete with fingerprinting and formal charges, is not always necessary to start the running of the speedy trial time." Id. But "something more than an investigatory detention is required." Id. "[F]or the purposes of the speedy trial rule . . . there is no such thing as an 'unarrest.' " Williams v. State, 757 So. 2d 597, 598 (Fla. 5th DCA 2000).

Here, Sergeant Mills was the only witness presented by the State at the hearing on Devard's motion to discharge. He testified that Devard was taken into custody on July 25, 2013, after she was involved in a drug deal. Devard was put in handcuffs and her car was seized. She was relocated to the police district office, advised of her Miranda[1] rights, and interviewed. She was released but advised that charges may be forthcoming. According to Sergeant Mills, charges were not filed at that time because he felt more comfortable letting the state attorney make the decision to file charges. Though Sergeant Mills maintained that Devard was merely detained, he admitted that he was not present when Devard was taken into custody. The police report—completed by Detective Leto, who had personally taken Devard into custody—indicated that Devard was "unarrested due to her age and her current medical

---

[1]Miranda v. Arizona, 384 U.S. 436 (1966).

condition." The report also stated that "charges will be direct filed on her for trafficking in illegal drugs, Hydrocodone, four to 14 grams." The report did not indicate that the charges were conditioned on the state attorney's approval. Devard's car was not returned to her when she was released.

Considering this evidence, the court did not err in determining that Devard was arrested on July 25, 2013, and in calculating the speedy trial period from that date.

II.    RECAPTURE PERIOD

The State also argues that the court erred in determining that it was not entitled to a recapture period under Florida Rule of Criminal Procedure 3.191(p)(3). We are constrained to reverse based on this court's decision in State v. McCullers, 932 So. 2d 373 (Fla. 2d DCA 2006).

The majority view in Florida is that the State is not entitled to a recapture period where its own conduct prevented the defendant from asserting her speedy trial rights. See Puzio v. State, 969 So. 2d 1197, 1200-01 (Fla. 1st DCA 2007) ("Allowing the State to proceed to trial pursuant to the recapture period, after its own actions had led to the lapse of the speedy trial period, would eviscerate the rule."). But in the cases where this rule has been applied to preclude a recapture period, the State had taken affirmative steps to terminate its prosecutorial efforts only to refile charges again later. See, e.g., Cordero v. State, 686 So. 2d 737, 737-38 (Fla. 3d DCA 1997) (determining that the State was not entitled to a recapture period where it "no actioned" the case but later filed a new information without notifying the defendant until after the speedy trial period had expired); State v. Morris, 662 So. 2d 378, 378 (Fla. 4th DCA 1995) (holding that State was not entitled to a recapture period where the State filed a nolle prosequi

- 4 -

but refiled the charges the next day, failing to notify the defendant of the charges until after the speedy trial period had expired); cf. Puzio, 969 So. 2d at 1201-02 (determining the State was not entitled to a recapture period where the defendant's attorney was repeatedly misadvised by the clerk's office that no charges had been filed and the State did not notify the defendant of the charges before the speedy trial period had expired). Here, the State did not take any affirmative steps to terminate its prosecutorial efforts, such as entering a "no action" or nolle prosequi. Rather, the State arrested Devard, informed her that she may be charged, and released her. Several months later—but still within the speedy trial period—she was charged. She was not notified of the charge until she was arrested again well after the speedy trial period had expired. Under these unique circumstances, this court's decision in McCullers is most instructive.

McCullers was arrested for battery on April 17, 2003, and placed in juvenile detention. McCullers, 932 So. 2d at 373. He was released on May 7, 2003, because his further detention as a juvenile was not permissible. Id. at 373, 376. On May 13, 2003, an information was filed charging him as an adult with battery. Id. at 374. McCullers was not arrested again until December 31, 2003, or arraigned until January 26, 2004. Id. The speedy trial period had expired on October 9, 2003, and the trial court determined that McCullers was entitled to discharge because (1) there was no indication that McCullers knew or should have known that he was wanted or that he was in any way evading arrest and (2) there was no indication in the record that the State had conducted a search, much less a diligent search, to locate McCullers. Id.

This court reversed, determining that the State was entitled to a recapture period under these circumstances. We reasoned that the State was entitled to a

recapture period because the State never took any action terminating its prosecutorial efforts, such as entering a "no action" or nolle prosequi. "The State had done nothing to lull McCullers into the belief that it was unnecessary for him to exercise his right to file a notice of expiration." McCullers, 932 So. 2d at 376. Therefore, "McCullers remained on notice that he was potentially subject to prosecution by the State." Id.

Similarly, in this case the State took no affirmative steps to terminate its prosecutorial efforts or lull Devard into believing that it was unnecessary for her to exercise her right to file a notice of expiration. And as in McCullers, the fact that Devard was not given notice of the charges until after the speedy trial period expired does not change our analysis. Accordingly, the State was entitled to a recapture period and we must reverse and remand for further proceedings.

We caution the State, however, that our decision does not give it license to purposefully delay filing charges until shortly before the expiration of speedy trial, relying on the recapture period. Further, our decision does not relieve the State from conducting a diligent search to locate a defendant and notify him of the charges against him.

Reversed and remanded for further proceedings.

CASANUEVA and BLACK, JJ., Concur.