NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING
MOTION AND, IF FILED, DETERMINED

IN THE DISTRICT COURT OF APPEAL

OF FLORIDA

SECOND DISTRICT


STATE OF FLORIDA,                           )
                                            )
            Appellant,                      )
                                            )
v.                                          )          Case No. 2D14-4916
                                            )
EDWARD DRAKE,                               )
                                            )
            Appellee.                       )
_____)

Opinion filed February 1, 2017.

Appeal from the Circuit Court for Pinellas
County; Philip J. Federico, Judge.

Pamela Jo Bondi, Attorney General,
Tallahassee, and Gillian N. Leytham,
Assistant Attorney General, Tampa, for
Appellant.

Jeanine L. Cohen of Cohen & DePaul, P.A.,
Tampa, for Appellee.


KHOUZAM, Judge.

          The State appeals the circuit court's order discharging Edward Drake on

speedy trial grounds.  We affirm.  We write only to explain why the State is not entitled

to a recapture period under Florida Rule of Criminal Procedure 3.191(p)(3).

The record shows that the 175-day speedy trial period began when Drake was arrested on May 23, 2013,[1] and therefore ended on November 14, 2013. The State filed the information on June 6, 2013, within the speedy trial period. But upon filing, the information was immediately sealed by the Clerk's office. Neither Drake nor his counsel could access the information. Drake was still in custody at the time. Several pretrial hearings were held, making the State aware that Drake was in custody. Yet Drake was not notified that the information had been filed. Indeed, defense counsel stated that she checked the docket for it on a weekly basis, to no avail. She and Drake did not become aware that it had been filed until it was unsealed in open court on December 3, 2013, after the speedy trial period had already expired. Drake moved for discharge because he had not been brought to trial within the speedy trial period as required by rule 3.191(a). The State sought a recapture period under rule 3.191(p)(3). The trial court correctly granted Drake's motion and found that the State was not entitled to a recapture period.

It is well established under Florida law that the State is not entitled to a recapture period if it fails to file charges until after the speedy trial time has run. See State v. Williams, 791 So. 2d 1088, 1091 (Fla. 2001); State v. Clifton, 905 So. 2d 172, 176 (Fla. 5th DCA 2005). In other words, "the [S]tate may not circumvent the purpose and intent of the speedy trial rule by . . . taking no action after the defendant is arrested and waiting until after the speedy trial period has expired to file formal charges." Clifton, 905 So. 2d at 176. This is because, under these circumstances, "the [S]tate has

---

[1]The State claims that the trial court miscalculated the speedy trial period by starting from May 23, 2013. But the record shows that the State not only failed to dispute but affirmatively agreed that, for the purpose of speedy trial, Drake had been arrested on that date.

essentially abandoned the prosecution and the recapture provisions of the rule do not apply, with the result that the defendant must be discharged." Id.

This rule has been applied to require immediate discharge where actions of the State and the Clerk's office combine to give the defendant the misimpression that the prosecution had been abandoned. In Puzio v. State, 969 So. 2d 1197 (Fla. 1st DCA 2007), a series of miscommunications between the State Attorney's office, the Clerk's office, and the defendant's attorney misled the defendant into believing that the charges against him had been dropped. The First District noted that "[w]hile neither the State nor the Clerk's office may have intended to mislead the defendant or conceal information from him, the fact remains that this is what happened." Id. at 1201. To allow the State a recapture period in this situation would eviscerate the speedy trial rule because "[n]otifying a defendant that charges have been filed against him is essential, not only to his due process rights, but to his ability to exercise his speedy trial rights." Id. at 1202. Where a defendant could not have known that he needed to file a notice of expiration because the information was concealed from him, immediate discharge is appropriate. Id.; see also State v. McCullers, 932 So. 2d 373, 375 (Fla. 2d DCA 2006) ("The State's right to recapture must be understood as linked to the defendant's ability to exercise the right to file a notice of expiration when the 175-day period has run.").

Here, immediate discharge was appropriate because the information was inaccessible to Drake during the speedy trial period and he was not notified of the charges against him until after the speedy trial period had already expired. Under these circumstances, he could not have known that he needed to file a notice of expiration. Even though it was the Clerk, not the State, who sealed the information, the State

nevertheless was aware that Drake was in custody and failed to notify him that the information had been filed. And regardless of the intent behind the actions of the Clerk and the State, the result was the same: the information was concealed from Drake. To allow the State a recapture period on these facts would defeat the purpose of rule 3.191.

We also note that this case is factually distinguishable from State v. Devard, 178 So. 3d 41 (Fla. 2d DCA 2015), and State v. McCullers, 932 So. 2d 373 (Fla. 2d DCA 2006), on which the State relies. In those cases, this court held that the State was entitled to a window of recapture where the information had been filed within the speedy trial period but the defendant had not actually been notified until after the speedy trial period had expired. Devard, 178 So. 3d at 44-45; McCullers, 932 So. 2d at 376. But in both of those cases, the information was accessible to the defendants during the speedy trial period. They were not actually notified because they were not in custody and the State had not located them. They became aware of the charges only when they were rearrested. Devard, 178 So. 3d at 42-43; McCullers, 932 So. 2d at 373-74. Here, in contrast, Drake could not access the information because it was sealed immediately upon being filed. His attorney was unaware that the information had been filed, even though she checked the docket for it on a weekly basis. And because Drake was in custody since May 23, 2013, he could have easily been located and notified before the speedy trial period expired on November 14, 2013, though regrettably he was not.

We conclude that the trial court was correct in finding that Drake was entitled to immediate discharge and the State was not entitled to a recapture period.

Affirmed.

WALLACE and CRENSHAW, JJ., Concur.