925 So.2d 482 (2006)
STATE of Florida, Appellant,
v.
Joel SAVITCH, Appellee.
No. 4D05-1328.
District Court of Appeal of Florida, Fourth District.
April 19, 2006.
Charles J. Crist, Jr., Attorney General, Tallahassee, and Katherine Y. McIntire, Assistant Attorney General, West Palm Beach, for appellant.
Carlo D'Angelo of D'Angelo and Molle, P.A., Fort Lauderdale, and Jason T. Forman of the Law Offices of Jason T. Forman, P.A., Fort Lauderdale, for appellee.
KLEIN, J.
The state appeals an order granting defendant's motion for discharge based on our speedy trial rule. We reverse.
Defendant was arrested on September 16, 2004, but the state filed a "no information" on November 8, 2004. A "no information" is filed by the state to inform a person who has been arrested that an information will not be filed or an indictment will not be sought. Lovelace v. State, 906 So.2d 1258 (Fla. 4th DCA 2005). The state did, however, file an information against defendant on January 19, 2005, and on February 28, 2005, private counsel appeared on behalf of defendant.
The defendant did not file a demand for speedy trial, but the 175 day speedy trial period, which runs from the time of the arrest, expired on March 9, 2005. See Rule 3.191(a), Fla. R.Crim. P. Two days later, on March 11, defendant filed a notice of expiration of the speedy trial period and moved for discharge. At a hearing held on the motion for discharge on March 16, 2005, the state argued it was entitled to the 15 day recapture period provided in rule 3.191(p), but the trial court held that State v. Morris, 662 So.2d 378 (Fla. 4th DCA 1995), required that defendant be discharged.
In Morris the defendant filed a demand for speedy trial under rule 3.191(b), and the state later nolle prossed because its key witness was on vacation and not available for the trial. The state then refiled the charges the next day, while the speedy trial period was still running, but the defendant was not rearrested or notified of the new charges before the speedy trial period expired. We affirmed the trial court's application of rule 3.191(o), which provides that the state cannot avoid the speedy trial rule by the use of a nolle prosequi, basing our decision on the fact that the defendant was not made aware of the new charges.
*483 In the present case, as we noted earlier, while the speedy trial period was still running, the state filed the information and private counsel filed a notice of appearance. We accordingly cannot agree with the defendant that Morris required a discharge here, because it is clear in this case that the defendant was aware that the information had been filed. The trial court therefore erred in discharging the defendant based on Morris, and we reverse.[1]
WARNER, J. and BAILEY, JENNIFER D., Associate Judge, concur.
NOTES
[1] The state has suggested that Morris may not be good law in light of our later decision in C.D. v. State, 865 So.2d 605 (Fla. 4th DCA 2004) (en banc). In C.D. we receded from earlier decisions which turned on whether a juvenile defendant had notice of the filing of charges so as to be able to take advantage of the speedy trial period and acknowledged that the rule did not require notice. We concluded that the fact that the defendant in C.D. did not know that he had been charged until after the speedy trial period had expired did not deprive the state of the 15 day recapture period provided in rule 8.090(m).

The state cites State v. B.S.S., 890 So.2d 487 (Fla. 5th DCA 2004), in which the fifth district followed C.D. but questioned whether C.D. silently overruled Morris. We think that point is well taken, because there is no requirement of notice in either the juvenile rule or the adult rule. Because Morris does not apply in the present case, it is unnecessary for us to consider that question. We note that in Wells v. State, 881 So.2d 54, n. 1 (Fla. 4th DCA 2004), this court raised the question as to whether Morris survived C.D., and implied that it did not. The third district has followed Morris. Cordero v. State, 686 So.2d 737 (Fla. 3d DCA 1997); State v. Gantt, 688 So.2d 1012 (Fla. 3d DCA 1997). The fifth district, before B.S.S., affirmed a case without opinion, citing Morris and Cordero. State v. Rowley, 722 So.2d 286 (Fla. 5th DCA 1998).