TAYLOR, J.
 

 James Thompson petitions this court for a writ of prohibition to prevent his further prosecution for felony driving under the influence (DUI). He contends that the trial court erred in denying his motion for discharge on speedy trial grounds. Specifically, petitioner, who initially faced a misdemeanor DUI charge that was dismissed and upgraded to a felony, argues that, because he was not served with a summons or formally arrested for the felony charge until after the speedy trial period had run, he is entitled to discharge and the state is not entitled to the fifteen-day recapture window of the speedy trial rule. We deny the petition because petitioner received actual notice of the felony filed by the state before the speedy trial period ran; he was not misled into believing that
 
 *1109
 
 the charge had been abandoned and precluded from timely filing a notice of expiration of speedy trial time.
 

 On July 30, 2007, the petitioner was arrested for felony DUI. The felony charge was filed in Case Number 07-14097CF10A. On August 23, 2007, the state filed an information charging misdemeanor DUI for this offense in Case Number 07-19134MM10A. On August 30, 2007, the state filed an information charging petitioner with felony DUI for the same offense in Case No. 07-17804CF10A and announced a “no information” on the original felony case (Case No. 07-14097CF10A). An arrest warrant issued for this case on that day.
 

 On September 26, 2007, counsel for petitioner filed a notice of appearance in the misdemeanor DUI case. At a calendar call for that case, which was held on October 18, 2007 and attended by counsel for the petitioner, the state announced a
 
 nolle prosequi
 
 of the misdemeanor DUI and advised that the case had been “upfiled” to a felony DUI. The state also advised that the petitioner was scheduled for an arraignment on the felony charge on October 26. Petitioner was not personally served with a summons or formally arrested on the warrant for the “upfiled” felony. However, on October 11, 2007 a notice of the arraignment date was mailed to petitioner’s home address.
 

 Because the petitioner failed to appear at arraignment, the trial court issued a “no bond” capias. On February 6, 2008, petitioner surrendered on the capias at the Broward County Jail. On February 8, 2008, petitioner’s counsel successfully argued that the petitioner’s failure to appear at arraignment was not willful, as he had not been personally served with a summons. The trial court released petitioner on his own recognizance with special conditions.
 

 On March 4, 2008, the petitioner moved for immediate discharge, asserting that the speedy trial period expired before the state arrested him or served him with sufficient legal notice. According to the petitioner, the speedy trial period expired on January 21, 2008, 175 days from his arrest on July 30, 2007.
 
 [1]
 
 Petitioner further argued that, because he was not served with process or formally arrested on the “upfiled” felony DUI until after the speedy trial period had run, the state was not entitled to the “recapture window” of rule 3.191(p)(3). The trial court denied petitioner’s motion, whereupon he filed this petition for writ of prohibition.
 

 In response to our order to show cause, the state argued that the petitioner had notice of the filing of the felony charge and notice of the arraignment date. The state attached exhibits to its response showing that the petitioner was sent written notice and that his attorney was given verbal notice of the filing of the felony charge and arraignment date in open court. According to the state, these facts distinguish this case from cases relied upon by petitioner, because in those cases the defendant was not notified in any manner that the state had re-filed charges.
 

 The state cannot circumvent the speedy trial rule or toll the period by filing a nolle prosequi or by dismissing the charges before an information or indictment has been filed. Fla. R.Crim. P. 3.191(o);
 
 State v. Agee,
 
 622 So.2d 473 (Fla.1993);
 
 Genden v. Fuller,
 
 648 So.2d 1183 (Fla.1994). Similarly, the state may not arrest the defendant and then simply do nothing until after the speedy trial peri
 
 *1110
 
 od has run.
 
 State v. Williams,
 
 791 So.2d 1088 (Fla.2001);
 
 see also Cordero v. State,
 
 686 So.2d 737, 738 (Fla. 3d DCA 1997) (holding that the state may not dismiss charges, refile them without notice to the defendant, and thereby circumvent the rule by later availing itself of the recapture window). In the above situations, the state’s actions, or inaction, made it impossible for the defendant to file a notice of expiration of the speedy trial time or to demand a speedy trial. Permitting the state the benefit of the recapture period under those circumstances would eviscerate the rule.
 

 In
 
 Puzio v. State,
 
 969 So.2d 1197, 1201 (Fla. 1st DCA 2007), the First District Court of Appeal .explained the link between the state’s right to recapture and the defendant’s ability to exercise the right to file a notice of expiration when the speedy trial period has run.
 
 Id.
 
 at 1201-02. Because there the state had failed to notify the defendant when it finally filed charges against him, the court explained that the defendant “could not have known that he needed to file a notice of expiration.” The defendant “was lulled into believing that the charges against him had been dropped.”
 

 In
 
 State v. Morris,
 
 662 So.2d 378 (Fla. 4th DCA 1995), cited by petitioner, we affirmed the speedy trial discharge of a defendant who was not notified or arrested on a cocaine trafficking charge re-filed by the state until after the speedy trial period had expired. There, the defendant had filed a demand for speedy trial on April 12, 1994. His demand entitled him, under Florida Rules of Criminal Procedure 3.191(b) and (p)(3), to have his trial commence no more than a total of sixty-five days later.
 
 Id.
 
 at 379. On May 18, 1994, the state nolle prossed the charge because of an unavailable witness, but re-filed the charge the next day, still within the speedy trial period. However, the defendant was not arrested on the re-filed charge, and his June 20, 1994 arraignment, at which he voluntarily appeared, did not occur until after expiration of the speedy trial period. The defendant moved for discharge on June 23. We rejected the state’s argument that it was entitled to the fifteen-day recapture period, under rule 3.191(p)(3), to bring the defendant to trial.
 
 [2]
 
 We explained that “[ujnder these circumstances, the state, by nolle pressing and failing to notify defendant of the refiled charges or take him back into custody within the fifty days, deprived defendant of his right to have his trial commence no later than sixty-five days from his April 12 demand.”
 
 Id.
 
 We stated that the state’s failure to do anything to put the defendant on notice of the re-filed charges, so that he could have moved for discharge fifty days after filing his demand, violated the purpose of the rule and
 
 Agee. Id.
 

 In petitioner’s case, the state did not mislead him into believing the charges had been abandoned. To the contrary, petitioner’s counsel was given express and specific notice on the record that the charge had been “upfiled” and that an arraignment was scheduled on the felony charge. Although the record does not reflect whether petitioner was present at the hearing when his counsel was so advised,
 
 *1111
 
 notice to counsel is imputed to his client.
 
 State v. White,
 
 794 So.2d 682 (Fla. 2d DCA 2001). In addition, petitioner was mailed a notice to appear for arraignment on the felony charge.
 
 [3]
 
 Hence, the state did not lull petitioner into believing that the charges against him had been abandoned, and the state did not interfere with his ability to file a notice of expiration of the speedy trial time. Thus, the state is entitled to the benefit of the recapture period.
 

 Petitioner argues that the notice relied upon by the state is legally insufficient and that nothing short of actual service of a summons or formal arrest on the warrant for the “upfiled” felony charge is sufficient notice. According to petitioner, the state should not get the benefit of the recapture window because it failed to formally arrest him on the re-filed charges within the speedy trial time. But the speedy trial rule contains no such requirement. In
 
 State v. Savitch,
 
 925 So.2d 482 (Fla. 4th DCA 2006), we determined that a notice of appearance filed by counsel on behalf of a client
 
 after the state had refiled charges
 
 clearly established that the client was aware of the re-filed charges.
 
 Id.
 
 at 488. As in
 
 Savitch,
 
 the record in this case shows that petitioner had actual notice that the state had re-filed the felony charge. Therefore he was not prevented from asserting his rights under the speedy trial rule, and the trial court properly determined that the state was entitled to the recapture period.
 
 See State v. McCullers,
 
 932 So.2d 373, 376 (Fla. 2d DCA 2006) (finding that the state was entitled to the recapture period where it did not dismiss the charges and did nothing to lull the defendant into the belief that it was unnecessary to file a notice of expiration).
 

 In its order, the trial court opined that we had silently overruled
 
 Morris
 
 in
 
 C.D. v. State,
 
 865 So.2d 605 (Fla. 4th DCA 2004), a case construing the state’s entitlement to the recapture period under the juvenile procedure rules. We take this opportunity to clarify that we did not. In
 
 C.D.,
 
 the state had filed a delinquency petition against the juvenile within the ninety-day speedy trial period but had not served or arraigned him on the petition until after expiration of the speedy trial time. The juvenile filed a motion for discharge and argued that the state’s failure to serve and arraign him within ninety days from the date of his arrest deprived the state of the recapture period. We upheld the trial court’s denial of the motion for discharge and its decision to allow the state the ten-day recapture period set forth in the juvenile procedure rules. In doing so, we receded from some earlier decisions determining the availability of the recapture period based upon service and notice requirements which were not specified in the rules. We recognized the difficulty created by those cases requiring the trial court to consider whether the juvenile had the ability to move for speedy trial discharge within a “short time” after expiration of the speedy trial period and agreed
 
 en banc
 
 upon the efficacy of following the clear provisions of the speedy trial rule.
 
 Id.
 
 at 609-10.
 

 C.D.
 
 did not address
 
 Morris
 
 or a situation where affirmative state action misled a defendant into believing charges had been abandoned and thereby interfered with the defendant’s ability to file a notice of expiration of the speedy trial time. The state had not done anything in
 
 C.D.
 
 to lead the juvenile to believe that the delinquency charges would not be pursued.
 
 See also State v. B.S.S.,
 
 890 So.2d 487 (Fla. 5th DCA 2004) (agreeing with
 
 C.D.
 
 that service of a delinquency petition on the juvenile within the speedy trial period is not
 
 *1112
 
 required for the state to be entitled to the recapture window).
 

 The rule we applied in
 
 Moms
 
 continues to be viable in situations where the conduct of the state misleads a defendant into believing that it is not necessary to exercise the right to file a notice of expiration of the speedy trial time. In this case, petitioner received actual notice of the felony filed by the state before the speedy trial period ran and the state did nothing to lull him into believing that filing a notice of expiration of speedy trial time was unnecessary. The trial court did not err in concluding that the recapture period was available and in denying petitioner’s motion for discharge.
 

 The petition is DENIED.
 

 HAZOURI and DAMOORGIAN, JJ., concur.
 

 [1]
 

 . Florida Rule of Criminal Procedure 3.191(a) provides that a person charged with a felony shall be brought to trial within 175 days of arrest.
 

 [2]
 

 . Typically, when the speedy trial period of rule 3.191(a) has run, a defendant may file a notice of expiration of speedy trial time under rule 3.191(p)(2), and the court must then hold a hearing within five days. Unless one of the reasons under rule 3.191 (j) is found, the state then has ten days to bring the defendant to trial or the defendant must be forever discharged. Fla. R.Crim. P. 3.191(p)(3). The time provided by the five- and ten-day periods under this rule has come to be known as the state's "recapture window” or "recapture period.”
 

 [3]
 

 . The record does not conclusively show whether the notice was received.