GERBER, J.
The state nolle prossed a felony charge against a defendant and then refiled the charge two days later. The state attempted to notify the defendant of the refiled charge before the speedy trial period expired, but the defendant did not receive actual notice of the refiled charge until after the speedy trial period expired. Be *165 cause the defendant did not receive actual notice of the refiled charge until after the speedy trial period expired, the circuit court granted the defendant’s request for discharge. From that order, the state appeals. We reverse, holding that when the state sufficiently attempts to notify a defendant of a refiled charge before the speedy trial period expires, the state is entitled to Florida Rule of Criminal Procedure 3.191(p)’s recapture period, even if the defendant does not receive actual notice of the refiled charge until after the speedy trial period expires.
The record reveals the following time-line of material events:
June 1, 2007: The police arrest the defendant for a felony.
Sept. 6, 2007 to Feb. 14, 2008: The defendant requests, and the circuit court grants, five continuances.
May 7, 2008: The defendant files a demand for speedy trial pursuant to Florida Rule of Criminal Procedure 3.191(b), which requires that a defendant be brought to trial within sixty days of the demand.
May 19, 2008: The state requests, but the circuit court denies, a continuance. The state immediately nolle prosses the case.
May 21, 2008: The • state refiles the charge against the defendant.
June 27, 2008: The clerk mails a notice of arraignment to the defendant at the address he gave when he was arrested. However, apparently unbeknownst to the state or the clerk, the defendant had moved to a new address.
July 7, 2008: The clerk’s notice is returned unserved. On the same day, the speedy trial period expires.
July 11, 2008: The defendant does not appear for arraignment. The circuit court issues a capias.
Sept. 12, 2008: The police arrest the defendant on the capias, thereby notifying the defendant of the refiled charge’s existence.
Following his arrest, the defendant filed a notice of expiration of speedy trial. The notice requested a discharge pursuant to State v. Agee, 622 So.2d 473 (Fla.1993). In Agee, our supreme court stated:
[Florida Rule of Criminal Procedure 3.191] makes clear that the State cannot circumvent the intent of the rule by suspending or continuing the charge or by entering a nol pros and later refiling charges:
[h](2) Nolle Prosequi; Effect. The intent and effect of this Rule shall not be avoided by the State by entering a nolle 'prosequi to a crime charged and by prosecuting a new crime grounded on the same conduct or criminal episode, or otherwise by prosecuting new and different charges based on the same conduct or criminal episode whether or not the pending charge is suspended, continued, or is the subject of entry of a nolle prosequi.
Fla. R.Crim. P. 3.191(h)(2).[1] To allow the State to unilaterally toll the running of the speedy trial period by entering a nol pros would eviscerate the rule....
622 So.2d at 475.
The circuit court held a hearing on the request for discharge. The state argued, among other things, that Agee was distinguishable because, in Agee, there was no *166 mention of any attempt to notify the defendant of the refiled charge before the speedy trial period expired, whereas in this case the state attempted to notify the defendant of the refiled charge before the speedy trial period expired through the clerk’s notice of arraignment sent to the address which the defendant gave when he originally was arrested. According to the state, because of that distinction, it was entitled to the recapture period contained in rule 3.191(p), which provides:
No later than 5 days from the date of the filing of a notice of expiration of speedy trial time, the court shall hold a hearing on the notice and, unless the court finds that one of the reasons set forth in subdivision (j) exists, shall order that the defendant be brought to trial within 10 days. A defendant not brought to trial within the 10-day period through no fault of the defendant, on motion of the defendant or the court, shall be forever discharged from the crime.
Fla. R.Crim. P. 3.191(p)(3) (2008).
The defendant did not question the fact that the state sought to notify him of the refiled charge through the clerk’s notice of arraignment sent to his previous address before the speedy trial period expired. Nor did the defendant question the fact that the notice was returned unserved. The defendant instead argued that the address he gave at the time of his original arrest was not a “bad” address. The defendant further argued that, after the state nolle prossed the original charge, he had no obligation to tell the court of his new address.
The court granted the discharge. In reaching its decision, the court stated that it did not read Agee as entitling the state to a recapture period. The court found that, once the state nolle prossed the original charge, the defendant was under no obligation to provide the court with any address, and it was the state’s obligation to notify the defendant of the refiled charge before the speedy trial period expired. According to the court, the fact that the clerk’s notice of arraignment was returned proved that the state did not notify the defendant of the refiled charge before the speedy trial period expired.
This appeal followed. The state argues that the circuit court erred in granting the discharge for two reasons: (1) the defendant requested continuances and, therefore, waived his right to a speedy trial; and (2) the state is entitled to the recapture period provided in rule 3.191(p). Our standard of review for these arguments is de novo. See State v. Nelson, 26 So.3d 570, 573-74 (Fla.2010) (interpretation of the rules of procedure regarding the right to a speedy trial is a question of law subject to de novo review).
We reject the state’s first argument that the defendant requested continuances and, therefore, waived his right to a speedy trial. The state did not raise this argument to the trial court and, thus, did not preserve the argument for appeal. See State v. Calvert, 15 So.3d 946, 948 (Fla. 4th DCA 2009) (state did not properly preserve issue for appellate review where it did not assert the issue as the legal ground for the objection to the trial court).
Even if the state had preserved its first argument, the argument is without merit. The state relies on our opinion in Banks v. State, 691 So.2d 490 (Fla. 4th DCA 1997), for the general rule that a defense request for continuance waives the speedy trial time and the defendant’s right to discharge. Id. at 491. However, Banks did not involve a defendant who, after waiving his speedy trial rights, later demanded a speedy trial, as occurred here. That distinction is significant because, in *167 Banks, we noted that after a defendant waives his right to a speedy trial, the defendant at all times has available the speedy trial by demand remedy provided under rule 3.191. Id. at 492. Thus, the fact that the defendant here originally waived his right to a speedy trial is irrelevant.
We agree, however, with the state’s second argument that it is entitled to rule 3.191(p)’s recapture period. As the state argued to the circuit court, Agee is distinguishable because, in Agee, there was no mention of any attempt to notify the defendant of the refiled charge before the speedy trial period expired, whereas in this case the state attempted to notify the defendant of the refiled charge before the speedy trial period expired. We find that distinction to be significant. We hold that, where the state sufficiently attempts to notify a defendant of a refiled charge before the speedy trial period expires, the state is entitled to the recapture period, even if the defendant does not receive actual notice of the refiled charge until after the speedy trial period expires. “If we were to hold otherwise, an accused could intentionally avoid service of process until after the expiration of the speedy trial period and, by doing so, avoid prosecution by defeating the State’s right to the recapture period.” State v. B.S.S., 890 So.2d 487, 490 (Fla. 5th DCA 2004).
Our holding that the state is entitled to the recapture period if it sufficiently attempts to notify a defendant of a refiled charge before the speedy trial period expires is consistent with our recent rejection of a defendant’s argument that nothing short of actual service of a summons or formal arrest on a refiled charge is sufficient notice. Thompson v. State, 1 So.3d 1107, 1111 (Fla. 4th DCA 2009). As we held in Thompson, “the speedy trial rule contains no such requirement.” Id. (citing State v. Savitch, 925 So.2d 482, 483 (Fla. 4th DCA 2006) and State v. McCullers, 932 So.2d 373, 376 (Fla. 2d DCA 2006)).[2] Our holding also is consistent with our dicta from Savitch in which we recognized that “there is no requirement of notice” in rule 3.191. Savitch, 925 So.2d at 483 n. 1. See also B.S.S., 890 So.2d at 490 (“The fact that Appellee was not immediately served is of no import.”).
Our holding is distinguishable from those cases holding that a defendant is entitled to a discharge where there is no evidence that the state attempted to notify the defendant of the refiled charges before the speedy trial period expired, especially where the defendant resided at the same address at all relevant times. See, e.g., Cordero v. State, 686 So.2d 737, 737-38 (Fla. 3d DCA 1997) (after the state refiled charges against the defendant, it took no further action until the defendant was arrested after the speedy trial period expired even though the defendant resided at same address and did not attempt to avoid arrest or notification of the refilled charges); State v. Mortis, 662 So.2d 378, 378-79 (Fla. 4th DCA 1995) (the state failed to do anything which would have put the defendant on notice of the refilled charge even though the defendant was living at the address the state had for him). Here, the state attempted to notify the defendant of the refiled charge before the speedy trial period expired, but the state was unable to do so because the defendant moved to a new address.
We recognize that determining what constitutes a “sufficient” attempt to notify *168 a defendant of a refiled charge before the speedy trial period expires will require case-by-case factual determinations. However, we believe that such determinations are required to balance the interests of justice between the state and defendants. Compare Puzio v. State, 969 So.2d 1197, 1202 (Fla. 1st DCA 2007) (“Notifying a defendant that charges have been filed against him is essential, not only to his due process rights, but to his ability to exercise his speedy trial rights.”) with B.S.S., 890 So.2d at 490 (if actual notice were required before the speedy trial period expires, an accused could intentionally avoid service of process until after the expiration of the speedy trial period and, by doing so, avoid prosecution). Such case-by-case determinations should be no more burdensome than the “exceptional circumstances” determinations which the speedy trial rule already prescribes for extensions of time periods under the rule. See Fla. R.Crim. P. 3.191(f)(2), (j)(l), (l).
On the facts of this case, we find that the state sufficiently attempted to notify the defendant of the refiled charge before the speedy trial period expired. As mentioned above, the state attempted to notify the defendant of the refiled charge through the clerk’s notice of arraignment sent to the address which the defendant gave when he originally was arrested. Apparently unbeknownst to the state or the clerk, the defendant had moved to a new address. At the hearing before the circuit court, the defendant did not argue that the state’s method of attempted service was improper. The defendant instead argued that the address he gave at the time of his original arrest was not a “bad” address, and that after the state nolle prossed the original charge, he had no obligation to tell the court of his new address. Given these facts, we find that the state sufficiently attempted to notify the defendant of the refiled charge before the speedy trial period expired. See Thompson, 1 So.3d at 1110-11 (affirming the denial of the defendant’s motion for discharge of a refiled charge where, among other things, the state mailed the defendant a notice to appear for arraignment on the refiled charge).
This cause is remanded to the circuit court with directions to provide the state with the recapture period, to be measured from the date we issue our mandate in this case.

Reversed and remanded.

STEVENSON and HAZOURI, JJ., concur.

. The text contained in rule 3.191’s former section (h)(2) now is contained in the rule's section (o).

. In this case, the circuit court did not have the benefit of Thompson when it granted the discharge.