COHEN, J.
 

 The State appeals the trial court’s order granting Victor Alexis Jimenez’s motion for discharge due to a violation of his speedy trial right, pursuant to Florida Rule of Criminal Procedure 3.191. The issue before this court is whether a defendant is entitled to be discharged when the State files an information within the speedy trial period, but does not notify the defendant of the charges until after the speedy trial period expires. We believe a defendant is not entitled to discharge and reverse.
 

 Jimenez was initially arrested on December 19, 2007, for grand theft of a motor vehicle, a third-degree felony. The State subsequently filed a no information on February 14, 2008. The State filed an information charging Jimenez with grand theft of a motor vehicle on June 6, 2008, 170 days after his original arrest and five days before the speedy trial period expired. Jimenez first learned of the refiled charges when he was rearrested on July 1, 2008, twenty days after the speedy trial period expired. However, he never filed a notice of expiration of speedy trial. Instead, he filed a motion for discharge 241 days later on February 27, 2009.
 

 The trial court granted Jimenez’s motion for discharge, reasoning that Jimenez was prevented from filing a notice of expiration of speedy trial because the State did not notify him of the charge before the speedy trial period expired, citing
 
 Cordero v. State,
 
 686 So.2d 737 (Fla. 3d DCA 1997), and
 
 State v. Gantt, 688
 
 So.2d 1012 (Fla. 3d DCA 1997). As a result, the trial court concluded the State was not entitled to the recapture provision in rule 3.191(p)(3). The State contends this was erroneous because this court rejected the reasoning of those cases in
 
 State v. B.S.S.,
 
 890 So.2d 487 (Fla. 5th DCA 2004). The State also contends these cases are distinguishable because Jimenez was promptly notified of the charge and any delay in bringing him
 
 *1233
 
 to trial was not attributable to any of its actions.
 

 Rule 3.191 grants every defendant the right to a speedy trial. Relevant to this case, a defendant charged with a felony who does not demand a speedy trial must be brought to trial within 175 days of being taken into custody. Fla. R.Crim. P. 3.191(a). This time period is not tolled by the State filing a nolle prosequi, no action, or simply taking no action after taking the defendant into custody.
 
 See State v. Agee,
 
 622 So.2d 473 (Fla.1993);
 
 Genden v. Fuller,
 
 648 So.2d 1183 (Fla.1994); and
 
 State v. Williams,
 
 791 So.2d 1088 (Fla.2001). Thus, once a defendant is taken into custody, the State must file its charging document within the speedy trial period.
 
 See id.
 
 Failure to do so precludes the State from prosecuting the defendant and entitles the defendant to an immediate discharge.
 
 Id.
 

 As the rule has been interpreted, the State’s charging document is timely if filed at any time before the speedy trial period expires.
 
 State v. Naveira,
 
 873 So.2d 300, 305 (Fla.2004). Thus, the State may file its charging document on the last day of the speedy trial period. As long as the State files its charges within the speedy trial period, its failure to bring the defendant to trial within 175 days does not entitle the defendant to an immediate discharge.
 
 State v. Nelson,
 
 26 So.3d 570, 574 (Fla.2010). This is because the rule is not self-executing.
 
 Id.
 
 The defendant must serve and file a “Notice of Expiration of Speedy Trial Time.” Fla. R.Crim. P. 3.191(p)(2). It is this “pleading [that] invokes the defendant’s speedy trial rights....”
 
 Nelson,
 
 26 So.3d at 574.
 

 Upon filing the notice of expiration, a hearing must be held within five days to determine whether the delay in bringing the defendant to trial was the result of an extension of time, defendant’s unavailability, some action attributable to the defendant, or the demand for speedy trial was invalid. Fla. R.Crim. P. 3.191(j). If these do not apply, the State must bring the defendant to trial within ten days or the defendant is “forever discharged from the crime.” Fla. R.Crim. P. 3.191(p)(3).
 

 Although the State may file its charges anytime within the speedy trial period, there appears to be a split of authority on whether the defendant must also be served within the speedy trial period. The predominant view is that a defendant is entitled to discharge if he is not notified of the charges before the speedy trial period expires. These courts reason that the State could file charges within the speedy trial period, but wait months or even years to notify the defendant, while continuing to strengthen its case, thereby eviscerating the rule and “effectively denying an accused the right to a speedy trial.”
 
 Agee,
 
 622 So.2d at 475. Although this rationale underlies the cases following the predominant view, its articulation has differed between the district courts of appeal. The earliest of the cases appears to be
 
 State v. Morris,
 
 662 So.2d 378 (Fla. 4th DCA 1995).
 

 In
 
 Morris,
 
 the defendant filed a demand for speedy trial. At trial, thirty-six days later, the State filed a nolle prosequi after learning its key witness was unavailable. The State refiled the charges the next day but did not notify Morris. Sixty-nine days after his demand, Morris voluntarily appeared at his arraignment. He subsequently moved for and was granted a discharge on the basis that his speedy trial right was violated. In seeking reversal, the State argued that it should have been afforded the ten-day recapture period provided in rule 3.191 because it filed the charges within the speedy trial period. In rejecting this argument and affirming the discharge, the court concluded that the
 
 *1234
 
 State’s failure to “notify the defendant of the refiled charges or take him back into custody” deprived him of his right to be brought to trial within sixty-five days of his demand.
 
 Id.
 
 at 379. Apparently critical to reaching this conclusion was the fact that Morris had the right to file a notice of expiration of speedy trial if he was not tried within fifty days after he made his speedy trial demand. Thus, the State’s failure to notify Morris of the refiled charges prevented him from timely filing the notice and being brought to trial within sixty-five days.
 

 In
 
 Thompson v. State,
 
 1 So.3d 1107 (Fla. 4th DCA 2009), the Fourth District clarified its decision in
 
 Monis
 
 in light of language in
 
 C.D. v. State,
 
 865 So.2d 605 (Fla. 4th DCA 2004), that could have been interpreted to indicate that
 
 Monis
 
 was silently overruled. Citing
 
 Puzio v. State,
 
 969 So.2d 1197 (Fla. 1st DCA 2007), the court indicated that
 
 Moms
 
 “continues to be viable in situations where the conduct of the state misleads a defendant into believing that it is not necessary to exercise the right to file a notice of expiration of the speedy trial time.”
 
 Thompson,
 
 1 So.3d at 1112.
 

 Under a rather unique set of facts in
 
 Puzio,
 
 969 So.2d 1197, the defendant was issued a notice to appear on a charge of petit theft from a hardware store. Due to mistakes on both the State’s and clerk of court’s part, the defendant was ultimately informed that no charges were filed against him and the case was dropped. Months later, the defendant was informed of new felony drug charges and a petit theft charge. Believing that the petit theft charge was unrelated to his prior arrest, the defendant waived his speedy trial rights. Upon learning otherwise, the defendant moved for discharge because the State failed to file charges within the ninety-day speedy trial period.
 

 In concluding that the defendant was entitled to discharge, the court agreed that the State timely filed its charge against the defendant. Quoting
 
 State v. McCullers,
 
 932 So.2d 373 (Fla. 2d DCA 2006), the court indicated that the State’s right to the recapture period must be understood as linked to the defendant’s ability to file a notice of expiration when the speedy trial period has expired. Due to the combined actions of the State and the clerk of court, the court found the defendant was “unable to file a notice of expiration within five days of the date when the speedy trial time ran. He could not have known that he needed to file a notice of expiration, because the State failed to notify him when it finally did file charges.”
 
 Id.
 
 at 1201. Thus, the court reasoned that the State forfeited its right to the recapture period because the defendant was “lulled into believing that the charges against him had been dropped.”
 
 Id.
 

 In
 
 McCullers,
 
 932 So.2d 373, the defendant was arrested for a battery offense and placed in juvenile detention. After twenty-one days, the defendant was released and the State filed an information charging him as an adult about a week later. However, the defendant was not rearrested until eighty-three days after the speedy trial period expired. The court interpreted
 
 Agee, Genden,
 
 and
 
 Williams
 
 as disallowing the State from availing itself of the recapture period because the State’s failure to file charges within the speedy trial period “made it impossible for the defendant to file a notice of expiration ....”
 
 Id.
 
 at 375. Taking the
 
 Agee
 
 line of cases one step further, the court stated that a defendant’s right to file a notice of expiration is also defeated when the State files its charges before the speedy trial period expires “but has previously acted affirmatively to terminate its prosecutorial efforts.... In such circumstances, the con
 
 *1235
 
 duct of the State effectively lulls the defendant into the belief that the exercise of the right to file a notice of expiration is unnecessary.”
 
 Id.
 
 at 375-76. Distinguishing
 
 Cordero,
 
 686 So.2d 737, the
 
 McCullers
 
 court concluded the defendant was not entitled to discharge because the State did not first file its information and then nol pros or no action the case. Thus, the State did not lull the defendant into believing it was unnecessary to file a notice of expiration of speedy trial and he “remained on notice that he was potentially subject to prosecution by the State.”
 
 Id.
 
 at 376. Consequently, he was not entitled to discharge and the State was entitled to the recapture period.
 

 Instead of relying on an estoppel theory, the Third District more closely adheres to the reasoning in
 
 Agee.
 
 In
 
 Cordero,
 
 686 So.2d 737, the defendant was arrested and the State no actioned the case twenty days later. The State refiled the charges within the speedy trial period but did nothing to notify the defendant until he was arrested 170 days after the speedy trial period expired. The court concluded that allowing the State to avail itself of the recapture period not only promoted the same evils that
 
 Agee
 
 and
 
 Genden
 
 warned against but was also clearly disapproved of by those cases. Noting that the defendant did not attempt to avoid arrest or service of the charges, the court reversed the denial of his motion for discharge.
 

 Under similar facts, the court in
 
 Gantt,
 
 688 So.2d 1012, rejected the State’s argument that it was entitled to the recapture period because it timely filed its information, even though it did not notify the defendant of the refiled charges until 161 days after the speedy trial period expired. Noting that the defendant was always in the State’s custody because he was incarcerated when the information was filed, the court concluded that affording the State the recapture period would “disembowel the speedy trial rule” and “imper-missibly prejudice the defendant’s speedy trial rights. This unredressable injustice in contravention of procedural rules cannot be allowed.”
 
 Id.
 
 at 1013.
 

 The foregoing cases are undeniably persuasive. Their collective concern that the State can effectively defeat a defendant’s right to a speedy trial by waiting months to notify the defendant of charges that were timely filed, while continuing to develop its case, is compelling and the result equitable. However, we believe this remedy is not sanctioned by the rule or the controlling caselaw. Our analysis begins with
 
 B.S.S.,
 
 890 So.2d 487, a case addressing the argument Jimenez raises in the context of the juvenile speedy trial rule, Florida Rules of Juvenile Procedure 8.090.
 

 In
 
 B.S.S.,
 
 the State nol prossed its petition for delinquency after the trial court denied its motion for continuance at the adversarial hearing. The State refiled its petition but was unable, despite diligent attempts, to serve the juvenile defendant until after the speedy trial period expired. In concluding the defendant was not entitled to discharge, this court adhered to the plain language of rule 8.090. This court recognized that rule 8.090 does not require a defendant be served or arraigned within the speedy trial period. Rather, rule 8.090 only requires the trial court determine whether any of the enumerated circumstances in subsection (d) applied. Because none applied, we found the State was entitled to the recapture period.
 

 This court concluded the opinion in
 
 B.S.S.
 
 by questioning whether
 
 Morris
 
 survived the en banc opinion in
 
 C.D.,
 
 865 So.2d 605. If it did, we indicated our disagreement “because the relevant portions of the adult rule are identical to the juvenile rule.”
 
 Id.
 
 at 490. In reaching our holding and expressing disagreement
 
 *1236
 
 with
 
 Morris,
 
 this court was concerned that granting a defendant discharge because he was not served with the petition within the speedy trial period would encourage a defendant to evade service.
 

 Although
 
 B.S.S.
 
 involved the juvenile speedy trial rule, we adhere to its plain language reasoning. Rule 3.191 does not condition the availability of the recapture provision on the State serving or otherwise notifying the defendant of charges before the speedy trial period expires. Its plain language grants the State the recapture period unless one of the enumerated exceptions in subsection (j) apply. This, however, has not always been the case.
 

 When the rule was initially promulgated, the State was not granted the benefit of the recapture period.
 
 See Nelson, 26
 
 So.3d at 575. If not brought to trial within the speedy trial period, the defendant was “generally entitled to automatic discharge upon motion, provided that the defendant was continuously available for trial and an extension of time had not been ordered.”
 
 Id.
 
 Effective January 1, 1985, the rule was amended to repeal the automatic discharge remedy and create the re capture period.
 
 Id.
 
 The rule was amended, to its current version, in 1992 to altogether prohibit a defendant from filing a motion for discharge unless the notice of expiration was filed first.
 
 See Brown v. State,
 
 — So.3d-, 2010 WL 1687659, 35 Fla. L. Weekly D951 (Fla. 3d DCA April 28, 2010).
 

 The effect of these amendments is that a “defendant is not automatically entitled to discharge based on the State’s failure to meet the mandated time limit, and the State is generally entitled to the recapture period.... ”
 
 Nelson,
 
 26 So.3d at 575. The supreme court has further recognized that the creation of the recapture provision “illustrates the principle that a defendant has a right to a speedy trial, not a right to a speedy discharge without trial.”
 
 Id.
 
 at 576.
 

 Because the State may file its charges on the last day of the speedy trial period, the fact that it notifies the defendant of the charges after the speedy trial period expires simply results in the defendant not being brought to trial within the speedy trial period.
 
 [1]
 
 The remedy for this violation, however, “is
 
 not
 
 an automatic discharge.”
 
 Id.
 
 at 574. A defendant must file a notice of expiration to invoke the rule’s protection and the notice may be filed at any time after the speedy trial period expires.
 
 Id.
 
 It is the filing of the notice that triggers the protection of the rule and “ensure[s] a speedy trial or a discharge from the alleged crime.”
 
 State v. Gibson,
 
 783 So.2d 1155, 1158 (Fla. 5th DCA 2001).
 

 While we share the concern that it is unfair for the State to file its charging document and then take no steps to serve or notify the defendant until weeks or months pass, the plain terms of the rule simply do not countenance an automatic discharge. Rather, except for certain enumerated circumstances, the State is entitled to the recapture period. The Third District recently recognized this in
 
 Brown,
 
 — So.3d at-.
 

 In
 
 Brown,
 
 the defendant was arrested for selling cocaine and the State no ac-tioned the ease a few weeks later. Ninety-five days after his initial arrest, the State refiled its charges. However, it did not rearrest the defendant for another 215 days, and 133 days after the speedy trial period expired. The defendant filed a motion for discharge arguing that he was
 
 *1237
 
 entitled to be discharged because the State did not notify him the charges had been refiled before the speedy trial period expired. The trial court denied the motion and the defendant subsequently filed a petition for writ of prohibition.
 

 Although the facts and argument in
 
 Brown
 
 are similar to
 
 Cordero
 
 and
 
 Gantt,
 
 the Third District denied the petition. Rejecting the defendant’s argument that he did not need to file a notice of expiration, the court quoted
 
 Naveira
 
 and looked at the rule’s history to determine that the defendant was not entitled to discharge. Specifically, the court noted that the rule’s amendments eliminated a defendant’s “right to a trial within a certain number of days after arrest. The only right that a defendant charged with a felony possesses under rule 3.191 is to require the State to try him or her within 15 days of filing and serving” the notice of expiration.
 
 Brown,
 
 — So.3d at -. The court concluded that because the State timely filed its charges, the defendant was entitled to file a notice of expiration, not discharge.
 

 Broivn
 
 clearly conflicts with the Third District’s prior decisions in
 
 Cordero
 
 and
 
 Gantt.
 
 This court notes that
 
 Brown
 
 is pending the resolution of motions for rehearing en banc and to certify conflict. Independent of how the Third District resolves this conflict, we are clearly in agreement that a defendant is not entitled to discharge. Rather, a defendant must file a notice of expiration to avail himself of the rule’s protection. This, however, does not leave the defendant without a remedy.
 

 Independent of the procedural protection afforded by the rule, a defendant always has the right to assert his constitutionally guaranteed right to a speedy trial. Unlike rule 3.191, the constitutional guarantee to a speedy trial “is measured by tests of reasonableness and prejudice, not a specific number of days.”
 
 Szembruch v. State,
 
 910 So.2d 372, 375 (Fla. 5th DCA 2005). In fact, there are four factors that are weighed and considered: length of the delay, who is more responsible for the delay (the State or defendant), the defendant’s assertion of his right to a speedy trial, and prejudice.
 
 Barker v. Wingo,
 
 407 U.S. 514, 530, 92 S.Ct. 2182, 33 L.Ed.2d 101 (1972);
 
 Doggett v. United States,
 
 505 U.S. 647, 651, 112 S.Ct. 2686, 120 L.Ed.2d 520 (1992). These factors are balanced and considered on an ad hoc basis.
 
 See Barker,
 
 407 U.S. at 530, 92 S.Ct. 2182.
 

 Based on the foregoing, we reverse the trial court’s order granting Jimenez’s motion for discharge. We acknowledge that our decision today directly conflicts with the decisions in
 
 Morris,
 
 662 So.2d 378;
 
 Thompson,
 
 1 So.3d 1107;
 
 Puzio,
 
 969 So.2d 1197;
 
 McCullers,
 
 932 So.2d 373;
 
 Cordero,
 
 686 So.2d 737; and
 
 Gantt,
 
 688 So.2d 1012, and certify conflict.
 

 REVERSED; CONFLICT CERTIFIED.
 

 GRIFFIN and ORFINGER, JJ., concur.
 

 [1]
 

 . In fact, when the State files its charging document on the last day of the speedy trial period, it is all but certain that a defendant will be notified of the charges after the speedy trial period has expired.