Warner, J.
The State appeals an order discharging appellee, Luis Born-Suniaga, pursuant to the speedy trial rule, Florida Rule of Criminal Procedure 3.191. The State charged appellee within the rule 3.191 speedy trial time period but failed to notify him of the charges until well after its expiration. The trial court dismissed the charges without affording the State the recapture period set forth in the rule. The court followed this court’s opinions in State v. Morris, 662 So.2d 378 (Fla. 4th DCA 1995), and Thompson v. State, 1 So.3d 1107 (Fla. 4th DCA 2009), although recognizing that those cases conflicted with State v. Jimenez, 44 So.3d 1230 (Fla. 5th DCA 2010). Having reviewed this case en banc, we recede from Morris, Thompson, and other cases relying on the Morris line of reasoning, which deprives the State of the recapture period under rule 3.191. We conclude that these cases conflict with both State v. Naveira, 873 So.2d 300 (Fla. 2004), and State v. Nelson, 26 So.3d 570 (Fla. 2010). We align ourselves with Jimenez and reverse and remand for reinstatement of the charge.
Facts
Following an incident on November 6, 2014, appellee was arrested the same day for misdemeanor battery in attempting to prevent the victim from reporting a noise complaint to law enforcement. Appellee provided- his address, posted bond; and was released on November 7, 2014. ■
On February 6, 2015, ninety-two days after his arrest, the State filed an information charging appellee with tampering with a witness in violation of section 914.22, Florida Statutes (2014), a felony, and misdemeanor battery, on the-basis of-the November incident.[1] That same day, the State filed instructions for the Clerk to issue a not-in-custody capias as to both counts. On February 11, 2015, the State asked the Broward Sheriffs Office (“BSO”) to serve the capias, listing the address appellee had provided upon his initial arrest. A detective was assigned to execute the warrant on March 25, 2015. There is no indication in the record that the detective made any effort to serve the warrant.
On April 15, 2015, the State filed a “no information” sheet'on the original misdemeanor battery charge. Appellee was noti *76 fied that the charge had been dismissed and his bond discharged.
The 175-day speedy trial period expired on April 30, 2015.
Appellee first became aware of the new charges on November 19, 2015, well over 175 days after his arrest, through his co-defendant’s counsel. Upon becoming aware of the charges, appellee did not file a notice of expiration of speedy trial time. Rather, on November 25, 2015, appellee moved to discharge, arguing that he was entitled to immediate discharge because the State was not allowed a fifteen-day recapture period, as it had not made any effort to notify him of the charges within the speedy trial period. The State responded, arguing that because the information was filed before the expiration of the 175-day period, the State was entitled to a recapture period. The State further argued that reasonable efforts were made to serve appellee with the capias during the speedy trial period, as evidenced by its communications with BSO.
The trial court held an evidentiary hearing on the motion to discharge. Appellee was the only witness to testify. He stated that since his initial arrest, he had moved twice, but had updated his address with the U.S. Postal Service each time and had his mail forwarded from the original address. He did not update his address with the Clerk’s office. However, he did not receive any forwarded mail from the Clerk, much less anything suggesting that there were pending charges against him. Nothing in the record indicates that the Clerk’s office sent appellee any notice when the information was filed in February 2015.
Appellee testified that he had repeatedly tried to determine whether the State had filed any new charges against him. On February 20, 2015, after his co-defendant was charged, appellee was informed by his attorney that there were no charges against him. He went to the jail later that day when his co-defendant turned himself in. At the jail, appellee was informed by a deputy that there were no charges pending against him. Later that day, appellee encountered other police officers who told him he was free to go and informed him that there were no warrants against him. In April 2015, appellee looked his case up and saw that it was listed as having been “disposed.” Based on this, he was led to believe there were no charges against him.
The State presented no evidence. It did not show that anyone had attempted to notify appellee of the charges filed. No clerk’s office employee testified that any mailings had been sent to appellee, and no testimony showed that BSO had made any attempt to serve appellee.
The trial court found that there was no record activity from appellee in the case file, no notices were ever mailed to him, and the file “pursuant to the clerk’s office policy was sealed.”[2] The court concluded *77 that there was no way for appellee to find out that this case existed and no effort to alert him to the fact that charges stemming from the initial incident were still ongoing. The court noted that it was bound by Fourth District ease law, which conflicts with Jimenez. Based on- this, the court granted appellee’s motion for discharge without allowing the State the fifteen-day recapture period. The State timely appealed.
Analysis
As it did before the trial court, the State argues that the court erred by granting appellee’s motion for discharge without affording the State the opportunity to try him within the recapture period, where the information was filed within the speedy trial timeframe, but appellee was not served until after the expiration of that time. Appellee counters that the trial court correctly adhered to Fourth District precedent. We examine rule 3.191, the Florida Supreme Court precedent of Nelson and Naveira analyzing the rule, and our own cases. We conclude that our cases are in conflict with Nelson and Naveira. We therefore recede from them and agree with Jimenez.
(A) The Speedy Trial Rule
This case turns on Florida Rule of Criminal Procedure 3.191, the speedy trial rule. The interpretation of the rules of procedure with regard to the right to a speedy trial is a question of law, subject to de novo review. Nelson, 26 So.3d at 573-74. Rule 3.191 provides that
every person charged with a crime shall be brought to trial ... within 175 days of arrest if the crime charged is a felony. If trial is not commenced within these time periods, the defendant shall be entitled to the appropriate remedy as set forth in subdivision (p). The time periods established by this subdivision shall commence when the person is taken into custody.
Fla. R. Crim. P. 3.191(a). In turn, rule 3.191(p) provides the remedy for failure to try a defendant within the specified time:
(1) No remedy shall be granted to any defendant under this rule until the court has made the required inquiry under subdivision (j).
(2) At any time after the expiration of the prescribed time period, the defendant may file a separate pleading entitled “Notice of Expiration of Speedy Trial Time,” and serve a copy on the prosecuting authority.
(3) No later than 5 days from the date of the filing of a notice of expiration of speedy trial time, the court shall hold a hearing on the notice and, unless the court finds that one of the reasons set forth in subdivision (j) exists, shall order that the defendant be brought to trial within 10 days. A defendant not brought to trial within the 10-day period through no fault of the defendant, on motion of the defendant or the court, shall be forever discharged from the crime.
Fla. R. Crim. P. 3.191(p). Rule 3.191(j) sets forth exceptions to the expiration of the speedy trial period, including a stipulated extension of time; continuances attributable to the defendant; unavailability of the accused; or an invalid demand for speedy trial. None of these exceptions apply in this case. Thus, we analyze whether the State, may be deprived of the recapture period when it fails to notify the defendant of pending charges within the speedy trial period.
*78 (B) Florida Supreme Court’s Interpretation of the Rule (1) State v. Nelson
The Florida Supreme Court has summarized the provisions of rule 3.191 in State v. Nelson, 26 So.3d 570 (Fla. 2010).
Although all defendants are entitled to the benefit of the default rule, the rule is not self-executing and requires a defendant to take affirmative action to avail him- or herself of the remedies afforded under the rule based on the State’s failure to comply with the time limitations. When a defendant is charged within the speedy trial period, the remedy for a violation of the rule is not an automatic discharge. Rather, the remedy for the State’s failure to try a defendant within the specified time is provided for in Florida Rule of Procedure 3.191(p). Specifically, at any time after the expiration of the speedy trial period,"the defendant may initiate application of the rule by filing and serving on the State a separate pleading entitled “Notice of Expiration of Speedy Trial Time.” This pleading invokes the defendant’s speedy trial rights ....
Id. at 674 (citations omitted). The court then must hold a hearing within five days and determine whether any of the exceptions ⅛ rule 3.191(j) exist, and if none do, then the State must bring the defendant to trial within the ten-day recapture period. Id. at 674-75. “As demonstrated- by' these provisions, a defendant is not automatically entitled to discharge based on the State’s failure to meet the mandated time limit, and the State is generally entitled to the recapture period provided for by [the rule].” Id. at 675.
Noting the history of the rule,.which originally did not include a recapture period, the court quoted from the committee notes to the 1984 amendment, which created the recapture period for the State:
The intent of [the amendment] is to provide the state attorney with 15 days within which to bring a defendant to trial from the date of the filing of the motion for discharge. ... [I]t gives-'the system a chance to remedy a mistake; it does not permit the system to forget about the time constraints.
Id. at 575 (quoting Fla. R. Crim. P. 3.191 committee notes (1984)). Finally, it summarized the rule’s purpose:
The creation of the recapture period em~ phasizes the purpose of the rule—“to promote the efficient operation of the court system and to act as a stimulus to prosecutors to bring defendants to trial as soon as practicable, thus minimizing the hardships placed upon accused persons awaiting trial.” Lewis v. State, 357 So.2d 725, 727 (Fla. 1978). In other words, the recapture period illustrates the principle that a defendant has a right to speedy trial, not a right to speedy discharge without trial.
Id. at 576.
(2) State v. Naveira
Nelson reinforced the analysis of rule 3.191 and the speedy trial right in State v. Naveira, 873 So.2d 300 (Fla. 2004), which was decided under a factual situation closer to the facts of this case. In Naveira, the State filed its information charging the defendant on the 175th day from his arrest. Id. at 302. The defendant filed a notice of expiration of speedy trial five days later. Id. The court held a hearing as required under the rule arid set the trial ten days later. Id. Defendant rrioved for a continuance and then for discharge, contending that the State’s late filing of the information deprived him of his ability to prepare a defense because he was required to choose between his right to a rule-based speedy trial and his ability to defend. Id. *79 at 302-03. The Florida Supreme Court determined that the State was entitled to the recapture period, even where the information was not filed until the last day of the speedy trial period, and thus defendant was not even noticed of the charges before its expiration. Id. at 310.
Noting that rule 3,191 addresses only the time for bringing a defendant to trial, not when charges may be filed, and that it had previously held that the State could not charge the defendant after the expiration of the speedy trial period, the court concluded that the State could file charges up to the last day of that period. Id. at 308-09. The rule does not provide for automatic discharge if the defendant is not tried within the 175 day.period. Id. at 306. “Rather, the defendant may then in-' voke the rule by filing a notice of expiration of the speedy trial time. At that point, the court .must hold a hearing within five days and then schedule a trial'within ten days.” Id. When Naveira filed his notice of expiration of the speedy trial period but then moved to continue the trial set days later, .he waived his rule-based speedy trial rights, id. at 308. The court rejected his claim that this required him to choose between the right to a speedy trial and the right to be adequately prepared for trial:
Naveira argues that our conclusion unlawfully forces him to choose between two rights, the right to speedy trial and the right to adequately prepare for trial. We disagree. Naveira had the right to invoke the speedy trial rule and go to trial within ten days. He also had the right to .request a continuance because he was not prepared to go. to trial in ten days. ... The mere fact that Naveira had to elect between a speedy trial under the rule and adequate preparation, however, did not violate his constitutional rights.
Id. at 307-08. -The court then distinguished between the rule-based speedy trial right and the constitutional right to a speedy trial:
The right to speedy trial provided in rule 3.191. is not coextensive with the broader constitutional right to a speedy trial. No constitutional right exists 'to a trial within 175 days of arrest. As we have previously noted, “Florida’s speedy trial rule is a procedural protection and, except for the right to due process under the rule, does not reach constitutional dimension.” State v. Bivona, 496 So.2d 130, 133 (Fla. 1986). As opposed to the right provided in the rule, “[t]he constitutional speedy trial period is measured by tests of reasonableness and prejudice, not specific numbers of days.” Fonte v. State, 515 So.2d 1036, 1038 n.2 (Fla. 3d DCA 1987).
Id. at 308. Because Naveira was demanding the rule-based speedy trial, the procedural aspects of the rule, including the recapture period, circumscribed his exercise of his right, which he could waive by requestirig a continuance:
Under the rule, he received the right-to an immediate trial . He declined to exercise, that right, as was his prerogative. But he cannot, now protest that his right to a speedy trial was violated. Although we sympathize.with.the defendant’s position in this case, the fact remains that under rule 3.191, Naveira’s right to speedy trial existed until he declined to exercise.it. .
Id. Commenting on the dissenting opinion in Naveira, the court made it clear that where the speedy trial right is rule-based,’ the State is entitled to the recapture period, without which the defendant is not entitled to discharge:
The dissent argues that where the speedy trial period expires through no fault of the defendant, any continuance *80 should be charged to the State. In this case, the dissent proposes that because the State did not file the information until the last day of the speedy trial period, and therefore the defendant was not ready for trial before the period expired, the defendant should be discharged. We disagree. Adopting such an interpretation would contradict the plain language of the applicable subdivisions of rule 3.191 ....
Id. at 309 (internal citation omitted). In other words, the right to discharge when an information is filed within the speedy trial period is strictly governed by the terms of the rule, and the rule requires that the State be allowed a recapture period.
Moreover, the majority in Naveira opposed the dissent’s analysis because it would render a clear rule ambiguous. Id. The majority characterized the dissent’s position as requiring the State to file charges and notify the defendant of them with sufficient time left in the speedy trial period for the defendant to adequately prepare for trial, making the time for filing the charges unclear:
The dissent’s interpretation of the rule would replace a clear deadline with an amorphous one that depends on the circumstances of each case. ... [T]he State would not be able to predict, in any given case, whether the timing of its charging document complied with the rule. The speedy trial period would now include an implicit “speedy charging period” with a shifting and unknown deadline. ... We decline to interpret the rule to impose such, unclear deadlines, with Draconian results (dismissal) when the State fails to correctly predict them.
Id. at 309-10. Thus, the court rejected any attempt to engraft onto the rule additional unwritten provisions which would require a case-by-case application.
(C) Application of Florida Supreme Court’s Interpretation
In this case, the State filed the information well within the 175-day period of the rule. It simply failed to notify appel-lee of the charges. However, when the period expires, the rule does not allow for a motion for discharge to be filed. Instead, a defendant can file a notice of expiration of speedy trial, triggering the recapture period for the State. There is nothing in the rule which allows the trial court to discharge a defendant pursuant to the rule when the State fails to notify the defendant of the charges within the speedy trial period. In Naveira, the State failed to notify the defendant of the charges within the period of the rule because it failed to file the charges until the last day of the period. Here, the State also failed to notify appellant of earlier-filed charges within the period. We do not see any significant difference between the two scenarios with respect to the application of the rule. Indeed, in this case, the recapture period appears to apply exactly for the reasons set forth in the committee notes to the amendment of the rule—the recapture period allows the State to remedy a mistake. Nelson, 26 So.3d at 575.
(D) Fourth District Cases are Inconsistent with Nelson and Naveira
We have, in several cases, approved discharge without allowing the State the recapture period of the rule where the State has failed to notify the defendant of the charges within the speedy trial period. In State v. Morris, 662 So.2d 378 (Fla. 4th DCA 1995), the defendant filed a demand for speedy trial, and trial was commenced. Id. at 378. However, the State filed a nolle prosequi of the case when a witness failed to appear. Id. While it refiled the charges the next day, it did not notify the defendant until after expiration of the fifty-day *81 rule-based time period, within which after demand the defendant had to be tried. Id. at 378-79. Defendant moved for discharge, and the State sought the recapture period, as rule 3.191(b)(4) required the court to apply the remedies under rule 3.191(p) to demands for speedy trial. Id. at 379.
Our Court held that the State was not entitled to the recapture period where the State had failed to notify the defendant of the charges until after the speedy trial period had run: “Under these circumstances the state, by nol prossing and failing to notify defendant of the refiled charges or take him back into custody within the fifty days, deprived defendant of his right to have his trial commence no later than sixty-five days from his April 12 demand.” Id. The fact that a defendant may not be able to exercise the right to a trial within the speedy trial period, of' course, is the exact argument that the Florida Supreme Court rejected in Na-veira as a ground for depriving the State of the recapture period. Naveira, 873 So.2d at 309-10.
Again, in Thompson v. State, 1 So.3d 1107 (Fla. 4th DCA 2009), we reaffirmed Morris's holding that the State’s failure to put the defendant on notice of the charges prior to the expiration of the speedy trial period deprived the defendant of exercising his rights under the rule, and the State should not be entitled to a recapture period in these circumstances. Id. at 1112. We found Morris distinguishable from Thompson because in Thompson, although the defendant was not arraigned until after the speedy trial period had run, he had actual notice of the charges filed against him. Id. at 1110. “Hence, the state did not lull petitioner into believing that the charges against him had been abandoned, and the state did not interfere with his ability to file a notice of expiration of the speedy trial time. Thus, the state is entitled to the benefit of the recapture period.” Id. at 1111. Thompson thus relied on the fact that the defendant received notice of the charges within the speedy trial period and, because of this actual notice, held that the State was entitled to a recapture period.
In State v. Ingraham, 43 So.3d 164 (Fla. 4th DCA 2010), we held that “where the state sufficiently attempts', to notify a defendant of a refiled charge before the speedy trial period expires, the state is entitled to the recapture pei’iod, even if the defendant does not receive actual notice of the refiled charge until after the speedy trial period expires.” Id. at 167. We distinguished this situation from Morris, where the State made no effort to notify the defendant of the refiled charges within the demand period. Id. Ingraham noted that what would constitute a sufficient attempt to notify the defendant would require a case-by-case analysis, but such a requirement would “balance the interests of justice between the state and defendants.” Id. at 168. But Naveira specifically rejected an interpretation of the rule which would require a case-by-case approach to determining whether the State is entitled to the recapture period. Naveira, 873 So.2d at 309-10.
We applied Ingraham in Reid v. State, 114 So.3d 277 (Fla. 4th DCA 2013). We noted that Morris remained valid authority to deny the State the recapture period when no notice was given to the defendant within the speedy trial period of the filed charges. Id. at 279. But, reviewing the specific facts found by the trial court in the case, we concluded that the State had made some effort to notify the defendant, thus allowing the State the recapture period. Id. Again, this case-by-case analysis of whether the State has made sufficient effort to notify the defendant of the charges within the speedy trial period would put the State in the position of not being able *82 to- predict with clarity whether its efforts were sufficient to allow it the recapture period for trying, the defendant, contrary to Naveim’s contention that such case-by-case review makes the availability of recapture for the State unclear in these circumstances. Naveira, 873 So.2d at 309-10.
All.of our cases are also premised on an assumption. that the defendant must be notified of the charges within the speedy trial period. But, in Naveira, the defendant was not notified of the charges within the speedy trial period, as the State filed the information on the last day of the period. There is no provision in the rule which requires notice to the defendant within that period, and, as Nelson and Naveira explain, the defendant must follow those procedures. By requiring that the defendant be notified of the charges within the speedy trial period, our decisions have en-grafted on the rule an additional requirement, which is inconsistent with the reasoning of Nelson and Naveira. We thus recede from Morris, Thompson, Ingraham, and Reid.
(E) State v. Jimenez
In State v. Jimenez, 44 So.3d 1230 (Fla. 5th DCA 2010), the Fifth District pointed out the conflict between Nelson and Na-veira and our decisions, as well as others from the Second and Third Districts. Relying on Nels.on and Naveira, the court concluded that the mere failure to notify the defendant of the charges within the speedy trial period allows the defendant the remedies in the rule, not immediate discharge. Id. at 1236.
While we share the concern that it is unfair for the State to.file its charging document and then take no steps to serve or notify the defendant until weeks or months pass, the plain terms of the rule simply do not countenance an automatic discharge. Rather, except for certain enumerated circumstances, the State is entitled to the recapture-period.
Id. We agree with Jimenez and align ourselves with it.
As Jimenez noted, a defendant can always raise a constitutional right to a speedy trial where the state has delayed notification, to the defendant’s prejudice. Id. at 1237. To obtain a discharge based upon the constitutional right to a speedy trial, “there are fqur factors that are weighed and considered: length of the delay, who is more responsible for the delay (the State or defendant), the defendant’s assertion of his right to a speedy- trial, and prejudice.” Id. (citing Barker v. Wingo, 407 U.S. 514, 530, 92 S.Ct. 2182, 33 L.Ed.2d 101 (1972)). Those factors are “balanced” and based upon an “ad hoc” determination. Id. This is entirely different than the application of the fixed provisions of rule 3.191.,
(F) Certification of Conflict
Jimenez also noted that various other opinions of courts around the state have also followed the Morris line of reasoning and denied the State the recapture period where the defendant was not notified of the charges within the speedy trial period, including Puzio v. State, 969 So.2d 1197 (Fla. 1st DCA 2007); State v. McCullers, 932 So.2d 373 (Fla. 2d DCA 2006); Cordero v. State, 686 So.2d 737 (Fla. 3d DCA 1997); and State v. Gantt, 688 So.2d 1012 (Fla. 3d DCA 1997). Jimenez, 44 So.3d at 1237. Most recently, the .Second District again relied on these precedents to require immediate discharge of the. defendant without a recapture period in State v. Drake, 209 So.3d 650 (Fla. 2d DCA Feb. 1, 2017). As did the Jimenez court, we certify express conflict with all of the foregoing cases.

*83
Reversed and remanded for reinstatement of the charges and further proceedings.

Ciklin, O.J., Gross, Taylor, May, . Damoorgian, Gerber, Levine, Conner, Forst, Klingensmith and Kuntz, JJ., concur. ■

. Rule 3.191(f) provides that where a misdemeanor and felony are consolidated for disposition, the misdemeanor is governed by the felony speedy trial time.

. We assume that the Clerk must have "sealed” the record pursuant to Florida Rule of Criminal Procedure 3.140(7), which provides:
Unless the defendant named therein has been previously released on a citation, order to appear, personal recognizance, or bail, or has been summoned to appear, or unless otherwise ordered by the court having jurisdiction, all indictments or informa-tions and the records thereof shall be in the custody of the clerk of the court to which they are presented and shall not be inspected by any person other than the judge, clerk, attorney general, and prosecuting attorney until the defendant is in custody or until 1 year has elapsed between the return of an indictment or the filing of an information, after which time they shall be opened for public inspection.
Fla. R. Crim P. 3.140(7). If that was the authority for sealing the information, then it *77 appears that the Clerk should not have sealed this information, as appellee had already been arrested and released on bail in this incident.